08-1619-cr
USA v. McGee

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued: December 10, 2008                    Decided: January 23, 2009)

Docket No. 08-1619-cr

_____

UNITED STATES OF AMERICA,

Appellee,

v.

DARIUS DURAND McGEE,

Defendant-Appellant.

_____

Before: POOLER, RAGGI, and LIVINGSTON, Circuit Judges.

Appeal from a March 27, 2008 judgment of the United States District Court for the

District of Connecticut (Hall, J.) denying defendant-appellant Darius McGee's motion for a

reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and the so-called crack amendments.

VACATED AND REMANDED.

| | |
|---|---|
| Appearing for Appellee: | SANDRA S. GLOVER, Assistant United States Attorney (Michael J. Gustafson, Assistant United States Attorney, on the brief) for Nora R. Dannehy, Acting United States Attorney, District of Connecticut, New Haven, CT. |
| Appearing for Appellant: | ROBERT J. SULLIVAN, Westport, CT. |

1

PER CURIAM:

In this decision, we address the narrow question of whether a defendant such as appellant Darius McGee, who at sentencing was designated a career offender but granted a departure so that he was ultimately sentenced based on the crack cocaine (cocaine base) guidelines, is eligible for a reduced sentence pursuant to the so-called crack amendments. As we recently discussed in United States v. Williams, --F.3d--, 2009 WL 32564, at *2 (2d Cir. 2009), these amendments came about on November 1, 2007, when the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in United States Sentencing Guidelines Section 2D1.1(c). U.S.S.G. Supp. to App. C, amend. 706 (2008). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. See id.[1]

McGee contends that he is eligible for this two-level reduction because, at sentencing, the district court, though designating him a career offender, see U.S.S.G. § 4B1.1, ultimately based his sentence on the crack cocaine guidelines after downwardly departing based on a finding that the career offender classification overrepresented his criminal history, see U.S.S.G. § 4A1.3(b). Thus, applying the 2001 Sentencing Guidelines, the district court sentenced McGee to 115 months based on a post-departure sentencing range that was calculated as follows: a base offense level of twenty-six (the level corresponding to at least five grams but less than twenty grams of crack cocaine) under U.S.S.G. § 2D1.1(c)(7), minus three levels for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of twenty-three and criminal history

---

[1] The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G. Supp. to App. C, amend. 713.

category of six, and consequently a sentencing range of ninety-two to 115 months imprisonment. McGee asserts that after applying Amendment 706 as well as the three-level reduction under U.S.S.G. § 3E1.1, his total offense level is now twenty-one and his sentencing range seventy-seven to ninety-six months.  The district court rejected this argument.  Noting that defendants sentenced as career offenders are unaffected by Amendment 706, the district court agreed with the government that McGee was ineligible for a reduced sentence because his pre-departure range, i.e., his career offender guideline range and not the crack cocaine guideline range, was the "applicable guideline range" affected by Amendment 706.

We have jurisdiction under 28 U.S.C. § 1291, and though recognizing the issue to be a very close one, we hold that McGee is eligible for a reduced sentence, vacate the district court's decision, and remand for reconsideration of McGee's 18 U.S.C. § 3582(c)(2) motion for a reduced sentence.

We review the district court's interpretation of the statute and the Guidelines de novo. See Williams, 2009 WL 32564, at *3; United States v. Kerley, 544 F.3d 172, 179 (2d Cir. 2008). It is well established that "[a] district court may not generally modify a term of imprisonment once it has been imposed."  Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007).  One of the limited exceptions to this rule exists when the sentencing range under which the defendant was sentenced is subsequently lowered by the Sentencing Commission.  Section 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to

3

the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

At the outset, we note that we are not presented with the question of whether a defendant who is sentenced as a career offender, but does not receive a downward departure, qualifies for a reduced sentence under the amendments. The consensus is that such a defendant would not. See United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (per curiam); Sharkey, 543 F.3d at 1239; Moore, 541 F.3d at 1327-28; see also United States v. Liddell, 543 F.3d 877, 882 n.3 (7th Cir. 2008) (stating same in dicta). Rather, the question we must answer is whether the fact that the district court granted a downward departure under U.S.S.G. § 4A1.3 from the career offender guideline range down to the crack guideline range, upon finding that the career offender status overstated defendant's criminal history, renders McGee eligible for the two-level sentence reduction.

From our review of the record, it is apparent that McGee was sentenced "based on" a sentencing guideline range that was subsequently lowered by the Sentencing Commission because the district court premised McGee's ultimate sentence on the crack cocaine guidelines. Indeed, had the amendments been in place at the time of sentencing, it is likely that the district court would have given McGee a sentence within the now reduced guideline range of 77 to 96 months. For, in granting the departure, the district court explicitly stated that it was departing from the career offender sentencing range "to the level that the defendant would have been in absent the career offender status calculation and consideration," thereby accepting the government's contention that the appropriate category for McGee was that into which he "would

4

have fallen absent the career offender effect upon his guideline calculation."

The government nevertheless objects to McGee's claim of eligibility, stating as follows: (1) a court may reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (2) U.S.S.G. § 1B1.10, which is a policy statement, indicates that its reference to the "guideline range applicable to th[e] defendant" refers to the pre-departure (rather than post-departure) sentencing range. As relevant here, that policy statement provides that a reduction in a defendant's sentence is not authorized where the amendment in question, in this case Amendment 706, "does not have the effect of lowering the defendant's applicable guideline range." Id. § 1B1.10(a)(2)(B). To assess whether a reduction is warranted, a district court is instructed to determine the Guidelines range "that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced," while leaving "all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). And after stating the general rule that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," id. § 1B1.10 (b)(2)(A), the district court is instructed that the following exception applies:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

Id. § 1B1.10(b)(2)(B).

Focusing on the language of the exception, the government argues that the policy statement treats the applicable guideline range as the pre-departure range, here the career offender guideline range which, as noted, courts have held is unaffected by Amendment 706. The government's contentions are not without force, but we ultimately conclude, given that the policy statement is subject to different interpretations and taking account of case law as well as the purposes of the crack amendments, that the policy statement would permit a defendant whose post-departure sentence was, as in this case, explicitly based on the crack cocaine guidelines to request a reduced sentence pursuant to Amendment 706 and 18 U.S.C. 3582(c)(2).

In our view, the exception in U.S.S.G. § 1B1.10(b)(2)(B), understood along with the general rule, can be read as simply instructing that a defendant may not receive a departure below the amended guideline range, except that a defendant who received a departure at sentencing may receive a comparable departure -- the one instance in which a reduced sentence can fall below the amended guideline range. It does not preclude the possibility that a defendant who was, even if by virtue of a departure, sentenced "based on" the crack guidelines would be eligible for a reduction. Since, from our reading of the sentencing transcript, the district court sentenced McGee based on the crack cocaine guidelines and would likely have considered a different sentence from the one imposed if the applicable crack guidelines had so provided, we think that a different reading would lend itself to excessive formalism. See Lee v. Weisman, 505 U.S. 577, 595 (1992) ("Law reaches past formalism."); United States v. Baez, 349 F.3d 90, 93 (2d Cir. 2003) ("[C]ourts should not elevate legalistic formalism over substance.").

Our recent decision in Williams permits this conclusion. There, we held that a defendant who committed a crack cocaine offense and whose sentence was subject to a statutory minimum

6

because of a prior drug conviction was not eligible for a new sentence under the revised Guidelines. This obtained even though the defendant received a downward departure for substantial assistance, see U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), that fell within the crack cocaine Guidelines range, because the Guidelines provision underlying the sentence ultimately imposed was not a provision affected by the subsequent amendment to the Guidelines. In so holding, we emphasized that "[t]here [was] no evidence that the Guidelines range calculated under U.S.S.G. § 2D1.1(c) played any role in the district court's determination of his sentence, and the district court so found." Williams, 2009 WL 32564, at *1. We went on to note that under United States v. Richardson, 521 F.3d 149 (2d Cir. 2008), when the statutory minimum is the Guidelines sentence, the original crack cocaine Guidelines do not play a role in determining the extent of a substantial assistance departure.[2] Thus, we allowed that a defendant whose post-departure sentence was in fact determined by the crack cocaine guidelines might be eligible for a reduced sentence.

Indeed, this is the prevailing view. In Moore, the Eleventh Circuit though holding that the crack amendments do not apply to defendants sentenced as career offenders, went on to express approval, albeit in dicta, for the application of Amendment 706 in these circumstances.

---

[2] We further stated that "[w]hen . . . the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations." Williams, 2009 WL 32564, at *4 (quotation marks omitted). A departure under the career offender guidelines presents a somewhat different scenario. A downward departure is permitted where the court concludes that "a defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. § 4A1.3(6)(1). Put differently, a departure back down to the initially applicable crack cocaine guideline range accepts that a defendant does not fall within the heartland of the career offender guidelines.

7

541 F.3d at 1329-30. In doing so, the court recognized that Amendment 706 would be applicable where there was some "indication that the court based [the defendant's] sentence on the guideline range that would have applied absent the career offender designation," or was the "sentencing range relied upon by the district court in determining his sentence." Id. at 1330. And, the overwhelming majority of district courts faced with this issue have also come to this seemingly commonsense conclusion,[3] one that recognizes the underlying rationale for the amendments -- to address the "urgent and compelling" "problems associated with the 100-to-1 drug quantity ratio." U.S.S.G. Supp. to App. C, amend. 706; see also id. amend. 713; Sentencing Guidelines for United States Courts, 72 Fed. Reg. 28571-28572 (2007).

We acknowledge that U.S.S.G. § 1B1.10 can be read to permit a reduced sentence only where the defendant's pre-departure sentencing range is found within the crack cocaine guidelines. However, "the meaning of language is inherently contextual [and] the [Supreme] Court has always reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and

---

[3] See United States v. Poindexter, 550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008); United States v. Ragland, 568 F. Supp. 2d 19, 20 (D.D.C. 2008); United States v. Collier, No. 05-cr-313, 2008 WL 4204976, *3 (E.D. Mo. Sept. 5, 2008); United States v. Clark, No. 00-037, 2008 WL 2705215, *1 (W.D. Pa. July 7, 2008); United States v. Cornish, No. 05-337, 2008 U.S. Dist. LEXIS 50577, at *7-*8 (D. N.J. June 25, 2008); United States v. Nigatu, No. 00-18, 2008 WL 926561, at *1 (D. Minn. Apr. 7, 2008); cf. United States v. Boyd, No. 01-29, 2008 WL 2537139, at *3 (W.D. Pa June 24, 2008) (suggesting that reduction would be warranted if § 4A1.3 downward departure to § 2D1.1 range had been granted). We recognize that in some of these cases the government either did not object or did not make the arguments that the government makes here. We have found two cases, outside of the instant case, that arrive at a contrary conclusion. See United States v. Menafee, No. 04-cr-138, 2008 WL 3285254, at *3 (D. Conn. Aug. 7, 2008) (Hall, J.); United States v. Thompson, No. 03-47-cr, 2008 WL 4745879, at *1 (D. Minn. Oct. 27, 2008); cf. United States v. Rivera, 535 F. Supp. 2d 527, 530 n.2 (E.D. Pa. 2008) (stating that it was unclear whether § 1B1.10 reduction would be warranted if defendant had been granted downward departure to § 2D1.1 range under § 4A1.3).

8

motivating policies of the statute." United States v. Dauray, 215 F.3d 257, 264 (2d Cir. 2000) (alteration and quotation marks omitted); see also United States v. Simpson, 319 F.3d 81, 86-87 (2d Cir. 2002) (holding that the rule of lenity applies to Sentencing Guidelines). Here, we conclude that there is ambiguity as to whether the Sentencing Commission intended to exclude defendants such as McGee, who were clearly sentenced based on the crack cocaine guidelines and were disadvantaged by the 100-to-1 sentencing disparity that the crack amendments sought to correct, from the reach of the amendments.

## CONCLUSION

We conclude that a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments. Given our holding, we decline to reach McGee's arguments that a remand pursuant to United States v. Regalado, 518 F.3d 143 (2d Cir. 2008) is warranted. The judgment of the district court is vacated and this matter remanded to allow the district court to consider whether McGee, who is eligible for a retroactive reduction in sentence, should receive one.