**UNITED STATES of America**

v.

**Milton MENAFEE.**

**Criminal Action No. 3:04–cr–138 (JCH).**

United States District Court,
D. Connecticut.

June 16, 2009.

Christine L. Sciarrino, H. Gordon Hall, Patrick F. Caruso, Peter D. Markle, U.S. Attorney's Office, New Haven, CT, for United States of America.

**RULING GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING REDUCTION IN SENTENCE (Doc. No. 2336)**

JANET C. HALL, District Judge.

On March 27, 2008, this court issued an Order to Show Cause why defendant Milton Menafee should receive a reduction in sentence pursuant to the crack cocaine amendments (Doc. No. 1956). Following briefing and a hearing, this court denied

Menafee's request for a sentence reduction. *See United States v. Menafee,* No. 3:04–cr–138 (JCH), 2008 WL 3285254 (D.Conn. Aug. 7, 2008).

At sentencing, the court determined that Menafee qualified for career offender status, but downwardly departed after concluding that Menafee's career offender status over-represented his criminal history. Without career offender status, Menafee's offense level would have been 23 (after accounting for acceptance of responsibility) and his criminal history category IV. Sentencing Tr. at 5–7. Because he was a career offender, however, the sentencing guidelines increased his offense level to 31 (after accounting for acceptance of responsibility), and his criminal history to VI. *Id.* at 7.

In sentencing Menafee, the court departed horizontally one criminal history category, from category VI to category V. *See Menafee,* 2008 WL 3285254, at *1 & n. 2. It also departed vertically from an offense level of 31 to an offense level of 23, the offense level that would have applied but for the career offender designation.[1] *Id.* at *1. The court concluded that Menafee's post-departure guideline range was 84 to 105 months, and imposed a sentence of 100 months. *Id.*

In denying Menafee's first request for a sentence reduction, the court reasoned that because Menafee qualified for career offender status under the Sentencing Guidelines—the court's granting of a downward departure notwithstanding—he was not eligible for a sentence reduction. The court held that because the crack amendments did not modify the career offender guideline, Menafee's pre-departure guideline range had not changed, and

---

1. As the court acknowledged in its previous Ruling, vertical departures for overstatement of criminal history, although authorized by Second Circuit caselaw in effect prior to No-vember 1, 2003, appear to have been prohibited by the November 1, 2003 amendment to U.S.S.G. § 4A1.3. *See Menafee,* 2008 WL 3285254, at *1 n. 2.

the applicable policy statement, U.S.S.G. § 1B1.10, therefore prohibited resentencing.

On January 23, 2009, the Second Circuit held that a defendant, who qualified for career offender status at sentencing, but was granted a departure under section 4A1.3 so that he was ultimately sentenced based on the crack cocaine guidelines, is eligible for a sentence reduction. *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009). In its decision, the Second Circuit explicitly repudiated this court's decision denying Menafee's initial request for a sentence reduction, noting that this court had "arrive[d] at a contrary conclusion" to the "commonsense conclusion" of the *McGee* court and "the overwhelming majority of district courts faced with this issue."[2] *McGee*, 553 F.3d at 229 & n. 3.

In light of *McGee*, Menafee has moved this court for reconsideration of its August 7, 2008 Order denying his request for a reduction in sentence. *See* Doc. Nos. 2336 and 2370. The government objects to a reduction, contending that, because Menafee's ultimate sentence did not fall within his § 2D1.1 guideline range, Menafee is not entitled to resentencing. *See* Doc. No. 2365. The government points out that the court observed at sentencing that the career offender guideline tripled the guideline range otherwise applicable to Menafee, and that the court determined to depart downward to just over half the time called for by the bottom of Menafee's career offender guideline. *Id.*

Insofar as Menafee's ultimate sentence was not squarely within his § 2D1.1 guideline range, this case is not on all fours with *McGee*. However, upon review of the sentencing transcript, the court is persuaded that Menafee is eligible for resentencing.

As the court explained prior to imposing sentence:

> [T]he Court is not going to view the guideline range here as the 188 to 235 but concludes that some reduction from that—I don't believe it is appropriate, though, to go to the level that he would have been at but for the qualification as career offender in the 70 to 87 while the drug offense was committed while he was young. . . . So his criminal history I guess I will say is real and while I don't think that the category the career offender puts him into is the appropriate one, I also don't believe that it is appropriate to go as far down as the level he would have been at but for the career offender. In addition, I'm mindful of the guidelines which permit me to go one criminal history level down if I find overstatement of *Mishoe* type of overstatement which at his original level would be 84 to 105 range.

Sentencing Tr. at 35–36. At sentencing, in determining how to account for the overstatement of criminal history, the court separately considered Menafee's criminal history category and offense level. With regard to his criminal history category, the court found that Menafee's "criminal history . . . is real" and therefore refused to depart down to the criminal history category (IV) that Menafee would have occupied but for the career-offender designation. Instead, it departed one criminal history level from the career offender guideline (from VI to V) pursuant to U.S.S.G. § 4A1.3 and *United States v. Mishoe*, 241 F.3d 214 (2d Cir.2001), mindful of the fact that section 4A1.3 of the Sentencing Guidelines limited horizontal departures for overstatement of criminal history to one level. With regard to Me-

---

**2.** The Second Circuit cited a long list of such decisions, including *United States v. Poindexter*, 550 F.Supp.2d 578, 580–81 (E.D.Pa. 2008), a decision that Menafee had initially asked this court to follow and that this court had declined to follow. *McGee*, 553 F.3d at 229 & n. 3; *see Menafee*, 2008 WL 3285254, at *3.

nafee's offense level, the court explicitly decided that it was appropriate to depart to Menafee's "original level"—that is, his § 2D1.1 level, or 23. The court therefore calculated Menafee's post-departure sentencing guidelines based upon an offense level of 23 and criminal history category V. This resulted in a guideline range of 84 to 105 months, and the court imposed a 100 month sentence. Although 100 months happens to be six months above one-half of the bottom of the career offender range of 188 to 235 months, it is clear that the court did not calculate Menafee's sentence based on the career offender range, but instead first departed to the original § 2D1.1 quantity-based offense level before calculating his sentence.

Under 18 U.S.C. § 3582(c), the court has the authority to resentence individuals when certain guideline changes have been made retroactive. Specifically, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been [retroactively] lowered by the Sentencing Commission[,] . . . the court may reduce the term of imprisonment. . . ." 18 U.S.C. § 3582(c)(2). The statute requires that any resentencing be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Here, the relevant policy statement permits a sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Menafee's "original [offense] level" of 23, to which the court departed, was based upon the court's finding that Menafee was responsible for at least five grams but less than twenty grams of cocaine base. *See*

Sentencing Tr. at 5. Under the then-current sentencing guidelines, the offense level applicable to that quantity was 26, which, after accounting for acceptance of responsibility, became 23. Because Menafee was granted a departure under section 4A1.3 and was ultimately sentenced based upon an offense level determined by his crack cocaine quantity, his sentence was "based on" section 2D1.1 as section 3582(c)(2) uses that term. *See McGee,* 553 F.3d at 226–27, 229–30.

The amended version of section 2D1.1 provides for a base offense level of 24 for a quantity of at least five but less than twenty grams of cocaine base. After accounting for acceptance of responsibility, therefore, Menafee's new offense level would be 21. An offense level of 21, and a criminal history category of V, results in a revised guideline range of 70 to 87 months. Because this range is lower than the range in which Menafee was originally sentenced (84 to 105 months), he is eligible for a reduction in sentence. Menafee's Motion (Doc. No. 2336) is therefore GRANTED.

The court originally sentenced the defendant to 100 months, at the 75th percentile of the pre-amendment (post-departure) Guidelines sentencing range. For the reasons articulated at his original sentencing, and based upon the amendments, the court resentences Menafee to a sentence of 83 months, the 75th percentile of the amended (post-departure) Guidelines sentencing range.[3] An amended judgment will issue.

**SO ORDERED.**

---

3. In his Reply, Menafee suggests that given the evolving policy of the Department of Justice to further reduce the crack/powder sentencing disparity, this court should exercise discretion to further reduce his sentence below the revised Guideline range. However, in considering a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), the court's sentencing authority is not de novo. Instead, any reduction must be "consistent with applicable policy statements issued by the Sentenc-

ing Commission." 18 U.S.C. § 3582(c)(2). Therefore, the court does not presently have the authority to grant a reduction below the amended guideline range.