*61 SUMMARY ORDER
Dwight Lamar Richardson appeals from the April 18, 2008, judgment denying his motion, filed pursuant to 18 U.S.C. § 8582(c)(2), for a reduction of his sentence. His sentence, imposed on February 19,1999, upon his plea of guilty to possessing, with intent to distribute, more than five kilograms of cocaine base, included 188 months of imprisonment. The sentence was imposed pursuant to the career offender provisions of the Sentencing Guidelines. See U.S.S.G. § 4B1.1 (2000).
Section 3582(c)(2) authorizes a sentencing court to reduce a term of imprisonment “in the ease of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).” See 18 U.S.C. § 3582(c)(2) (emphasis added). On November 1, 2007, the Sentencing Commission reduced the base offense level for most crack cocaine offenses, see U.S.S.G.App. C Supp., amend. 706 (Nov. 1, 2007), and made the reduction amendment retroactive, see id. Supp. to App. C Supp., amend. 713 (Mar. 3, 2008).
The narrow issue presented on this appeal is whether the District Court correctly ruled that it lacked authority to reduce Richardson’s sentence because the sentence had not been “based on” a sentencing range that the Commission subsequently reduced. Richardson does not claim that he was sentenced pursuant to a sentencing range that was determined from the offense level applicable to the quantity of crack cocaine involved in his offense. He acknowledges that his sentencing range was determined from the table of offense levels prescribed for career offenders under section 4B1.1. And he makes no claim that the Commission’s reduction of offense levels for crack cocaine offenses reduced the sentencing ranges for career criminals. His claim is that his career criminal sentence should be considered to have been “based on” the reduced crack cocaine sentencing range because the career criminal sentencing ranges apply “if the offense level for a career offender ... is greater than the offense level otherwise applicable.” U.S.S.G. 4Bl.l(b). The consequence of the required comparison between the career criminal offense level and the normal drug table offense level, see id. § 2Dl.l(c), he contends, is that his sentencing range has been “based on” the reduced sentencing range for a crack cocaine offense.
All of the courts of appeals to have considered the pending issue have rejected Richardson’s claim. See United States v. Caraballo, 552 F.3d 6, 9-11 (1st Cir.2008); United States v. Sharkey, 543 F.3d 1236, 1238-39 (10th Cir.2008); United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir.2008); United States v. Thomas, 524 F.3d 889, 890 (8th Cir.2008); see also United States v. Liddell, 543 F.3d 877, 882 n. 3 (7th Cir.2008) (dictum). Indeed, we recently noted this “consensus” view rejecting a claim like Richardson’s. See United States v. McGee, 553 F.3d 225, 227 (2d Cir.2009). We permitted a sentence reduction in McGee, notwithstanding the defendant’s status as a career offender, because of the special circumstance that the sentencing judge had departed from the career offender sentencing range “to the level that the defendant would have been in absent the career offender status calculation and consideration....” Id. (internal quotation marks omitted). McGee’s sentence was thus “based on” the range for a crack cocaine offense, and he was therefore entitled to application of the reduced range for that offense. By contrast, Richardson’s sentence, imposed without a departure, was based on the applicable career offender sentencing range.
We agree with the other circuits that a sentence is “based on” a sentencing range *62 that has been lowered, within the meaning of section 3582(c)(2), when that range is calculated by starting with a base offense level for crack cocaine offenses and making any appropriate offense level adjustments, not when the crack cocaine sentencing range is examined only to determine if the career offender sentencing range is higher.
The judgment of the District Court is affirmed.