COOK, J., delivered the opinion of the court, in which KETHLEDGE, J., joined. MERRITT, J. (pp. 1126-28), delivered a separate opinion concurring in the result.
OPINION
COOK, Circuit Judge.
Defendant Sheldon Williams appeals from the district court’s order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Because the career offender guidelines — not crack cocaine guidelines — controlled his original sentence, the district court lacked jurisdiction to resentence Williams under § 3582(c)(2). Accordingly, we affirm the denial of his motion.
I.
In 2005, Williams pleaded guilty to possession of 5 or more grams of cocaine base with intent to distribute and to being a felon in possession of a firearm. Applying the Drug Quantity Table then in effect, Williams’s crack cocaine offense carried a base offense level of 28. But his extensive criminal history earned him the career offender label pursuant to USSG § 4B1.1, which yielded an offense level of 37. Finding that Williams accepted responsibility for his actions, the court adjusted the offense level down to 34. With his criminal history category pegged at VI, the Sentencing Guidelines produced a range of 262 to 327 months’ imprisonment. After the government filed a § 5K1.1 motion for substantial assistance, the district court sentenced Williams to serve 140 months on the crack charge, concurrent with 120 months on the gun offense.
In 2007, the Sentencing Commission promulgated Amendment 706, which reduced by two the base offense level for most offenses involving crack cocaine, including Williams’s. Soon thereafter, Amendment 713 added Amendment 706 to the list of amendments in U.S. SG § 1B1.10(c), giving it retroactive effect.
Williams filed a motion under § 3582(c)(2) seeking a reduced sentence due to the retroactive amendment, which lowered the base offense level applicable to his crack cocaine conviction. In its order denying Williams’s resentencing motion, the district court stated:
The Defendant received a “non-guideline” sentence originally and the Court remains convinced it is an appropriate sentence. Therefore, IT IS HEREBY ORDERED that no reduction in sentence is allowed and all provisions of the Judgment and Commitment entered May 16, 2005, shall remain in full force and effect.
Williams timely appealed.
II.
Although not precisely clear, the order suggests that the district court believed that it possessed authority to resentence *1125 Williams — and therefore had jurisdiction— but declined to do so in an exercise of its discretion. We review such decisions for abuse of discretion. United States v. Peveler, 359 F.3d 369, 373 (6th Cir.2004). But first we must satisfy ourselves not only of our own jurisdiction, but also of the district court’s. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). If the lower federal court lacked jurisdiction, we possess appellate jurisdiction, “ ‘not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit.’ ” Alston v. Advanced Brands & Importing Co., 494 F.3d 562, 564 (6th Cir.2007) (quoting Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).
As a purely legal issue, we review the threshold jurisdictional question de novo. United States v. Brown, 276 F.3d 211, 214 (6th Cir.2002); see also United States v. Rhodes, 549 F.3d 833, 837 (10th Cir.2008) (“The scope of a district court’s authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo.”). “[Sjection 3582 sets forth a statutory basis for limiting the district courts’ jurisdiction” to modify a previously imposed sentence. United States v. Higgs, 504 F.3d 456, 464 (3d Cir.2007). “Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant’s] request.” United States v. Smartt, 129 F.3d 539, 541 (10th Cir.1997). Finding that the district court lacked jurisdiction, we affirm the denial of the motion on that basis.
“A district court may modify a defendant’s sentence only as provided by statute.” United States v. Johnson, 564 F.3d 419, 421 (6th Cir.2009). Section 3582(c)(2) “permits modification of a sentence only where the sentence was ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission.’” United States v. Parker, No. 08-6253, 2009 WL 4927949, at *1 (6th Cir. Dec.21, 2009) (quoting 18 U.S.C. § 3582(c)(2)).
Because the district court originally sentenced him using the career offender guideline, rather than the crack cocaine guideline,[1] Williams would have been subject to the same sentencing range even if Amendment 706 existed at the time of his original sentence.[2] See USSG § 4B1.1 (providing that the career offender base offense level applies where it is greater than the applicable base offense level un *1126 der § 2D1.1). Accordingly, Williams’s sentence is not “based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” as § 3582(c)(2) requires. See United States v. Perdue, 572 F.3d 288, 293 (6th Cir.2009) (because, as a career offender, Amendment 706 did not affect the defendant’s ultimate sentencing range, “the district court did not err in declining to grant his motion for a reduction in sentence”); see also United States v. Leasure, 331 Fed.Appx. 370, 378 (6th Cir.2009). And since the question is jurisdictional, United States v. Poole, 550 F.3d 676, 678 (7th Cir.2008); United States v. Doe, 564 F.3d 305, 309 (3d Cir.2009), we conclude that the district court lacked authority to reach the discretionary resentencing question.
III.
For these reasons, we affirm.
CONCURRING IN THE RESULT

. The concurrence takes the view that Williams’s career offender designation increased his total offense by 10 levels, from 27 to 37, and then reproaches us for ’’ignor[ing] the facts that the defendant’s guideline range was reached by consulting a number of different sentencing guidelines and policy statements.” But the career offender guidelines do not work this way. Career offender status simply specifies an offense level of 37 for offenses (like Williams’s) carrying a statutory maximum of life (unless the applicable offense level exceeds 37). So the district court did not determine Williams’s applicable guidelines range using the (later-amended) crack cocaine guidelines, but by applying the career offender guidelines, which, after adjustments, produced a range of 262 to 327 months (later reduced in response to the government's substantial assistance motion). The amendments to the crack cocaine guidelines did not affect that range, leaving Williams ineligible for a sentencing reduction.

. Citing United States v. McGee, 553 F.3d 225 (2d Cir.2009), Williams argues that he was not, in fact, sentenced pursuant to the career offender guidelines because he received a downward departure that put his sentencing range where it would have been had the court instead employed the crack cocaine guidelines. But McGee is distinguishable. There, after calculating the defendant’s offense level using the career offender guidelines, the court explicitly found that the career offender classification overrepresented the defendant's *1126 criminal history, and therefore granted a downward departure, choosing to substitute the crack cocaine guidelines in calculating the range. Here, by contrast, the court granted Williams a downward departure based on his substantial assistance, not because the career offender guidelines overstated his criminal history. And the court's guidelines calculations remained at all times based on the career offender provisions; the court calculated the crack guidelines only to verify that the career offender guidelines produced a higher number and therefore controlled, not to determine his applicable sentencing range. See United States v. Martinez, 572 F.3d 82, 84-85 (2d Cir.2009) (distinguishing McGee on this basis); United States v. Richardson, 339 Fed.Appx. 60, 61-62 (2d Cir.2009) (same).