09-1011-cr
United States v. Forbes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of August, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                No. 09-1011-cr

DENNIS FORBES,

*Defendant-Appellant.*

------------------------------------------------------------------------------------

FOR APPELLANT:          Jonathan I. Edelstein, New York, New York.

FOR APPELLEE:          Frank H. Sherman, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York

(Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment entered on July 14, 2008, is AFFIRMED.

Dennis Forbes, who is serving a life sentence for (1) conspiring to traffic in marijuana and fifty grams or more of cocaine base ("crack cocaine"), see 21 U.S.C. §§ 841(b)(1)(A), 846; and (2) using a minor to do so, see id. §861, now appeals from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]  Because this appeal turns on an issue of statutory interpretation, we review the district court's decision de novo.  See United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009).  In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"A district court may not generally modify a term of imprisonment once it has been imposed." United States v. McGee, 553 F.3d 225, 226 (2d Cir. 2009) (alteration and internal quotation marks omitted).  Under 18 U.S.C. § 3582(c)(2), however, a district court may grant a reduction if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Forbes submits that the district court erred in concluding that it lacked

---

[1] Although Forbes concedes that his notice of appeal was not timely filed, he urges that we excuse that defect because it resulted from his counsel's ineffectiveness.  We need not address that argument because even assuming no defect in Forbes's notice of appeal, he would not be entitled to the relief he seeks.  See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004) (noting that court may exercise hypothetical jurisdiction where jurisdictional question presented is statutory, not constitutional).

authority to reduce his sentence in light of Commission Amendment 706 to the Sentencing Guidelines, which "provide[s] a two-level reduction in base offense levels for crack cocaine offenses" and was made retroactive by Amendment 713. United States v. McGee, 553 F.3d at 226 & n.1. Forbes does not dispute that a reduction in his offense level from 45 to 43 produced no change in his recommended Guidelines range of life imprisonment. Nor does he dispute that the policy statement applicable to the crack cocaine amendments provides that, except in circumstances not here relevant, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Rather, he contends that United States v. Booker, 543 U.S. 220 (2005), required the district court to treat this policy statement as only advisory.

Forbes's argument is foreclosed by Dillon v. United States, 130 S. Ct. 2683 (2010), in which the Supreme Court observed that because § 3582(c) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," modification of a sentence pursuant to that provision "do[es] not implicate the interests identified in Booker." Id. at 2691-92. In Dillon, the Court rejected a defendant's Sixth Amendment challenge to a district court's conclusion that its § 3582(c) reduction authority was limited to that specified in U.S.S.G. § 1B1.10(b)(2)(A), i.e., a sentence within the amended Guidelines range. See id. at 2692. Before Dillon, this court had similarly construed § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) in United States v. Savoy, which held

3

that a court "lack[ed] the authority when reducing a sentence pursuant to § 3582(c)(2) to reduce that sentence below the amended Guidelines range where the original sentence fell within the applicable pre-amendment Guidelines range."  567 F.3d 71, 74 (2d Cir. 2009).

Applying these precedents, we identify no error in the district court's denial of Forbes's motion for a reduction in sentence because his amended Guidelines range, like his pre-amendment Guidelines range, provided for a single sentence: life imprisonment.

We have considered Forbes's other arguments on appeal and conclude that they are without merit.  For the foregoing reasons, we AFFIRM the July 14, 2008 order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4