KATZMANN, Circuit Judge,
concurring:
I concur in the judgment that the Rivera is eligible for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the crack cocaine sentencing guidelines. I also agree with much of the majority’s reasoning. To begin with, I share the majority’s view that we must understand the retroactive crack amendments as an effort by the U.S. Sentencing Commission to provide a “partial remedy for the urgent and compelling problem of crack-cocaine sentences.” Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2694, 180 L.Ed.2d 519 (2011) (plurality opinion) (internal quotation marks omitted). As a plurality of the Supreme Court cautioned in Freeman, there is no need to interpret § 3582(c)(2) in a way that “extend[s] the benefit of the *185 Commission’s judgment only to an arbitrary subset of defendants” or “den[ies] ... relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range.” Id. at 2690, 2694-95. And in light of this court’s holding in United States v. McGee, 553 F.3d 225 (2d Cir.2009) (per curiam), I think it is apparent that Rivera’s original sentence, which as a practical matter was clearly premised on the then-applicable crack cocaine guidelines, was “based on” a sentencing range that the Sentencing Commission subsequently lowered.
As the majority makes clear, in order for Rivera to be eligible for a sentence reduction under § 3582(c)(2), it is not sufficient that he was sentenced “based on a sentencing range that has subsequently been lowered by the Sentencing Commission”; the statute requires also that the sentence reduction be “consistent with applicable policy statements issued by the Sentencing Commission.” United States v. Martinez, 572 F.3d 82, 84 (2d Cir.2009) (per curiam) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotation marks omitted). The policy statement relevant here renders ineligible defendants for whom the amendment “does not have the effect of lowering the defendant’s applicable guideline range.” U.S.S.G. § lB1.10(a)(2)(B).
The majority reads these separate eligibility requirements — that the defendant have been sentenced “based on” a subsequently lowered range, and that the amendment have an effect of lowering the defendant’s “applicable guideline range”— as essentially one and the same. As the majority acknowledges, other circuits do not treat these requirements as equivalent. The Third Circuit, for example, has concluded that the “based on” requirement and the policy statement’s language are “complementary” and that the policy statement is “narrower.” United States v. Doe, 564 F.3d 305, 310-11 (3d Cir.2009). And in considering this question, regardless of how they resolve it, several of our sister circuits have derived guidance from the Commission’s general instructions on how the apply the Guidelines, see U.S.S.G. § 1B1.1, which suggest that the defendant’s “guideline range” is fixed prior to a sentencing court’s consideration of departures under Chapter Five of the Guidelines Manual. Based on the order for sentencing determinations set forth in these instructions, these courts have concluded that Chapter Five departures have no effect on a defendant’s “applicable guideline range” for sentence reduction purposes. See, e.g., United States v. Guyton, 636 F.3d 316, 319-20 (7th Cir.2011); United States v. Flemming, 617 F.3d 252, 262-64 (3d Cir.2010); United States v. Pembrook, 609 F.3d 381, 384-85 (6th Cir.2010); United States v. Darton, 595 F.3d 1191, 1196-97 (10th Cir.2010); United States v. Tolliver, 570 F.3d 1062, 1065-66 (8th Cir.2009). Under that reading, Rivera would not be entitled to relief.
Unlike the majority, which concludes that the meaning of § 3582(c)(2) and § 1B1.10 is straightforward, I find the relationship between the statutory “based on” requirement and Commission’s policy statement to present a close and difficult question. On the one hand, the majority’s reading, by interpreting the policy statement in a way that would “permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence,” Freeman, 131 S.Ct. at 2692-93 (plurality opinion), has the virtue of eschewing arbitrary and formalistic distinctions among classes of defendants whose sentences were as a practical mat *186 ter “based on” the subsequently reduced crack guidelines.
On the other hand, Congress has plainly granted the Commission, through its policy statements, the authority to “specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.” 28 U.S.C. § 994(u); see also Dillon v. United States, — U.S. -, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). The Commission, in turn, has linked eligibility for a sentence reduction to the concept of an “applicable guideline range.” It is therefore understandable that some of our sister circuits have closely parsed the Guidelines and the various usages of similar terms therein to ascertain the meaning of this concept. And to extent that these courts have concluded that the Commission never intended a defendant’s “applicable guideline range” to take account of Chapter Five departures, that conclusion appears to have been borne out by the Commission’s recent promulgation of a proposed amendment that, once effective, would make explicit that the “applicable guideline range” referred to in § 1B1.10 is the guideline range determined before the consideration of any departure or variance. See U.S. Sentencing Comm’n, 76 Fed.Reg. 41332, 41334 (July 13, 2011).*
The panel in McGee faced a similar interpretive conundrum. There, like here, the government argued that the policy statement “treats the applicable guideline range as the pre-departure range ...[,] which ... courts have held is unaffected by [the crack amendment].” 553 F.3d at 228. The McGee panel conceded that the government’s contentions in this regard were “not without force.” Nonetheless, “given that the policy statement is subject to different interpretations and taking account of case law as well as the purposes of the crack amendments,” the panel concluded that the defendant there was eligible for a reduction. Id. Perceiving an ambiguity as to what the Sentencing Commission intended, the panel applied the rule of lenity in McGee’s favor. Id. at 229-30.
As I read McGee, we are compelled to hold that the version of the policy statement applicable at times relevant to Rivera’s sentencing was ambiguous. To my mind, the ambiguity described in McGee does not disappear merely because Rivera’s departure falls under Chapter Five of the Guidelines Manual and was based on his diminished mental condition, whereas the departure in McGee arose from a Chapter Four provision and involved the overrepresentation of McGee’s criminal history. In declining to adopt a reading of the policy statement that “would lend itself to excessive formalism,” id. at 228, McGee did not suggest that the particular chapter in which the Guidelines provision authorizing the pertinent departure appears should make any difference.
The rule of lenity, which applies to our interpretation of the Guidelines, requires ambiguities like the one at issue here to be resolved in the defendant’s favor. See United States v. Simpson, 319 F.3d 81, 86 (2d Cir.2002). I therefore join the majority’s conclusion that Rivera’s “applicable guideline range” was his post-departure range and that he is accordingly eligible for a sentence reduction.
*187-197 For these reasons, I concur in the judgment, and I join the majority’s cogent and scholarly opinion to the extent that it is not inconsistent with the views that I have stated above.

 Absent congressional disapproval, the proposed amendment would take effect on November 1, 2011. Because by the terms of the proposed amendment, courts are to use the version of § IB 1.10 that is in effect on the date of the sentence reduction proceeding, the Commission's clarification of the term "applicable guideline range" is of no consequence to Rivera's eligibility.