11-66-cr
USA v. Swint

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand twelve.

Present:   GUIDO CALABRESI
           ROBERT A. KATZMANN,
           BARRINGTON D. PARKER,
                     *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                     *Appellant*,

                     - v -                          No. 11-66-cr

ANTHONY SWINT, aka KB,

                     *Defendant-Appellee*,

TYRICE WHITE, aka EARS,

                     *Defendant*.

_____

For Defendant-Appellant:          Howard I. Gemeiner, New Haven, Conn.

For Appellee:                     Anthony E. Kaplan, Assistant United States
                                  Attorney (Robert M. Spector, Assistant United
                                  States Attorney, *on the brief*), *for* David B. Fein,
                                  United States Attorney for the District of
                                  Connecticut, New Haven, Conn.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

The United States appeals from a November 29, 2010 order of the United States District Court for the District of Connecticut (Underhill, *J.*) *sua sponte* reducing Defendant-Appellee Anthony Swint's term of incarceration from 132 months to 105 months under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the United States Sentencing Guidelines (the "Guidelines"), as well as the district court's December 6, 2010 order denying the government's motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Title 18, section 3582 of the United States Code permits resentencing "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010) (noting that the statute authorizes a limited adjustment to an otherwise final sentence). In 2007, the Sentencing Commission implemented Amendment 706 to the Guidelines, which reduced by two levels the base offense level associated with each quantity of crack cocaine. *See* U.S.S.G. Supp. App. C, amend. 706 (effective Nov. 1, 2007) and amend. 713 (declaring Amendment 706 retroactive). A plurality of the Supreme Court explained the rationale for Amendment 706 as follows:

> The Commission amended the crack-cocaine Guidelines to effect a "partial remedy" for the "urgent and compelling" problem of crack-cocaine sentences, which, the Commission concluded, "significantly undermines the various congressional objectives set forth in the Sentencing Reform Act." The Commission determined that those Guidelines were flawed, and therefore that sentences that relied on them ought to be reexamined.

2

*Freeman v. United States*, 131 S. Ct. 2685, 2694 (2011) (plurality opinion) (quoting United States Sentencing Commission, Report to Congress: Cocaine and Federal Sentencing Policy, pp. 8-10 (May 2007)).

"The determination of whether an original sentence was 'based on a sentencing range that was subsequently lowered by the Sentencing Commission,' 18 U.S.C. § 3582(c)(2), is a matter of statutory interpretation and is thus reviewed *de novo*." *United States v. Martinez*, 572 F.3d 82, 84 (2d Cir. 2009).

We have had a number of occasions in recent years to address a defendant's eligibility for a sentencing reduction under Amendment 706 where, as here, the defendant was designated as a "career offender" under U.S.S.G. § 4B1.1, and therefore subject in the first instance to separate career offender guidelines, which were unaffected by that amendment. Most notably, in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) (per curiam), we held that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by § 2D1.1 of the Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments." *Id.* at 230. In *McGee*, the sentencing court made clear at the original sentencing hearing that it had departed downwards from the career offender guideline range "to the level that the defendant would have been" if he had not been designated a career offender based on its conclusion that the defendant's criminal history was insufficiently extensive to warrant that designation. *Id.* at 227.

In the circumstances of this case, it is clear that the district court's sentence was "based on" the crack cocaine guidelines and not the career offender guidelines. While the district court did not explicitly so indicate during Swint's original sentencing hearing, it subsequently clarified

in its November 29, 2010 order that its "original sentence was a departure to a level actually based on the crack cocaine guidelines." J.A. 37. In denying the Government's motion for reconsideration, the district court further elucidated the reasoning behind its original sentence:

> Although I did not say so on the record, I departed to a sentence of 132 months' imprisonment by determining what the Sentencing Guideline range would have been if Swint's Guideline calculation had been determined by the quantity of crack cocaine attributable to him, rather than by his status as a career offender. . . . [Swint's] crack cocaine sentencing range was 188 to 235 months' imprisonment. The 132-month sentence originally imposed was based on a percentage of the otherwise applicable sentencing range. I sought a percentage somewhat more than 50 percent of that range, to reflect Swint's significant criminal history.

*United States v. Swint*, No. 3:04CR177 (SRU), 2010 WL 5067693, at *1 (D. Conn. Dec. 6, 2010). As we recently held, "in deciding whether the guideline range applicable to [a] defendant has subsequently lowered, a court should focus on the range that was actually applied by the sentencing judge . . . even if . . . that range differs from the one that was the starting point of [the] initial sentencing proceeding." *United States v. Rivera*, --- F.3d ---, 2011 WL 5022734, at *11 (2d Cir. 2011) (internal quotation marks omitted). While it is clear from the record that Swint "*could have been* sentenced under" the career offender guidelines set forth in U.S.S.G. § 4B1.1, it is equally clear that he was "*in fact* sentenced under" the crack cocaine offense guidelines set forth in U.S.S.G. § 2D1.1. *Martinez*, 572 F.3d at 84 (emphases in original). Accordingly, the district court was correct in holding that Swint was eligible for a reduction in his sentence pursuant to the Sentencing Commission's retroactive amendment of § 2D1.1.

Relying on the "open court doctrine," the United States takes the position that a district court's post-sentencing clarification of the grounds for its sentence is impermissible. We have consistently rejected the notion, however, that a sentencing court is required to provide a

"robotic incantation[]" of the factors it considered in determining its sentence. *United States v.*

*Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). Moreover, as we specifically held in *Rivera*, there is

no requirement that a sentencing court contemporaneously state whether or not its sentence is

"based on" the crack guidelines for a defendant to benefit from a subsequent amendment to those

guidelines. *See Rivera*, 2011 WL 5022734, at *8 ("We decline to adopt [the] crabbed approach .

. . [that] the judge's failure to anticipate that fifteen years later we would be parsing his

sentencing methodology . . . should categorically deprive [a defendant]" from a sentencing

reduction based on a retroactive amendment to the Guidelines). Indeed, in a recent case where

the record on appeal was ambiguous as to whether the district court's original sentence was

"based on" the crack guidelines or the career offender guidelines, we remanded to the district

court so that it could "clarify" the reasoning underlying its original sentence. *United States v.*

*McPherson*, No. 09-0042-cr, 2011 WL 2417827, at *1 (2d Cir. June 17, 2011) (summary order).

Our sister Circuits have done the same. *See, e.g.*, *United States v. Cardosa*, 606 F.3d 16, 22 (1st

Cir. 2010) ("There is an easy solution for gray area cases," where it is unclear from the face of

the sentencing transcript whether or not the district court's sentence was based on the

retroactively amended crack cocaine guidelines, "which is to let the district judge -- who after all

did the original sentencing -- decide [the issue] in the first instance . . . ."). Here, remand is

unnecessary because the district court has already helpfully clarified the reasoning behind its

sentence.[*]

---

[*] Effective November 1, 2011, the Sentencing Commission amended § 1B1.10 of the Guidelines to define "applicable guideline range" as the range determined at the initial sentencing "before consideration of any departure provision in the Guidelines Manual." *See* Sentencing Guidelines for the U.S. Courts, 76 Fed. Reg. 41,332, 41,332 (proposed July 13, 2011); U.S. Sentencing Guidelines Manual § 1B1.10 Cmt. n.1(A) (2011). This Amendment may

We have considered all of the Government's remaining arguments and find them to be

without merit.  Accordingly, for the foregoing reasons, the order of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE , CLERK

---

preclude sentencing modifications of the sort approved in *McGee* and in this appeal.  "However,
because [this amendment] . . . [is] substantive, rather than merely clarifying, [it] cannot fairly be
applied retroactively" to § 3582(c)(2) proceedings that predated the Amendment's effective date.
*Rivera*, 2011 WL 5022734, at *13.