[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15699
Non-Argument Calendar
_____

D.C. Docket No. 5:03-cr-00073-WTH-TBS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON LEE BOSTIC,
a.k.a. Aaron Bostic,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 19, 2012)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Lee Bostic, a federal prisoner convicted of a crack cocaine offense, appeals, through counsel, the district court's order sentencing him as a career offender after a hearing on his counseled 18 U.S.C. § 3582(c)(2) motion to reduce his sentence per Amendment 750, which lowered the base offense levels applicable to crack cocaine.  On appeal, Bostic, who has never contested the determination that he qualified as a career offender per U.S.S.G. § 4B1.1(b), argues that the district court erred in sentencing him under the career offender guidelines because the court should have sentenced him under the drug quantity guidelines as it did at his original sentencing.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  We may affirm for any reason supported by the record.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  A sentencing court may make factual findings based on undisputed statements in the PSI—that is, facts contained in a PSI are deemed admitted for sentencing purposes unless a party objects to them "clearly and specifically" at sentencing.  *United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009) (18 U.S.C. § 3582(c)(2) proceeding context), *cert. denied*, 130 S.Ct. 2129 (2010); *see United States v. Hedges*, 175 F.3d 1312, 1315 (11th Cir. 1999) (concluding that a defendant's

2

failure to object to conclusory statements in the PSI renders those statements undisputed and permits the sentencing court to rely upon them without error despite the absence of supporting evidence).

The rule of lenity applies if a sentencing guideline is ambiguous. *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003).[1]  The rule of lenity requires a "grievous ambiguity" or "uncertainty in the statute." *United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008).  The simple existence of some statutory ambiguity is insufficient to warrant application of this rule because most statutes are ambiguous to some extent. *Id.*

A district court may modify an imprisonment term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Part A of Amendment 750 amended U.S.S.G. § 2D 1.1 by reducing base offense levels associated with various amounts of crack cocaine under the Drug Quantity Table in § 2D1.1(c).  *See* U.S.S.G. App. C, Amend. 750, Pt. A.  In July 2011, the Sentencing Commission

---

[1]    We have expressed doubt as to whether the rule of lenity should play any role in interpreting the advisory sentencing guidelines after *United States v. Booker*, 543 U.S. 220, 259, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). *United States v. Wright*, 607 F.3d 708, 716-19 (11th Cir. 2010) (Pryor, J., and Fay, J., concurring).  However, "[w]hether the rule of lenity applies to *advisory* Sentencing Guidelines is an open question." *Id.* at 719 (emphasis in original).

decided to make Parts A and C of Amendment 750 retroactive.  76 Fed.Reg.

41332-01 (July 13, 2011).  Amendment 750 became effective and retroactive on

November 1, 2011.  U.S.S.G. App. C, Amends. 750, 759.

A district court must follow a two-step process in ruling on a § 3582(c)(2)

motion.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the

court must recalculate the defendant's sentence "by substituting the amended

guideline range for the originally applied guideline range, and then using that new

base level to determine what ultimate sentence it would have imposed."  *Id.*  In

other words, in determining whether a reduction in the defendant's imprisonment

term is warranted, "the court shall determine the amended guideline range that

would have been applicable to the defendant if the [applicable retroactive

amendment; here, Amendment 750] had been in effect at the time the defendant

was sentenced."  U.S.S.G. §§ 1B1.10(b)(1), 1B1.10(c) & comment. (n.4).  "In

making such determination, the court shall substitute only the [applicable

retroactive amendment] . . . for the corresponding guideline provisions that were

applied when the defendant was sentenced and shall leave all other guideline

application decisions unaffected."  *Id.*; *see also Bravo*, 203 F.3d at 781 (stating

that "*all* original sentencing determinations remain unchanged with the sole

exception of the guideline range that has been amended since the original

4

sentencing" (emphasis in original)).  Under the second step, the court must decide whether to retain the original sentence or to resentence the defendant under the amended guideline range.  *See Bravo*, 203 F.3d at 781.

"By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding."  *Dillon v. United States*, 560 U.S.__, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010).  The Supreme Court has rejected a defendant's argument that the district court erred in failing to correct two mistakes in his original sentence, concluding that, because such aspects of his sentence were not affected by the amendment to U.S.S.G. § 2D1.1, they were outside the scope of the proceeding authorized by § 3582(c)(2).  *Dillon*, 560 U.S. at __, 130 S.Ct. at 2693-94.

In *Davis*, we concluded that, in adopting the PSI's undisputed facts that the defendant was responsible for at least 8 kilograms of cocaine base, the sentencing court had found that the defendant was responsible for more than 4.5 kilograms of cocaine base, even though the court originally had not specified the exact quantity in excess of 1.5 kilograms for which he was responsible.  *See Davis*, 587 F.3d at 1302-04.  Thus, the district court did not err when it denied the defendant's motions for sentence modification and recalculation of his sentence.  *Id.* at 1304.

According to the amended Drug Quantity Table, the distribution of between 840 grams and less than 2.8 kilograms of cocaine base results in a base offense

5

level of 34.  U.S.S.G. § 2D1.1(c)(3).  If a career offender's offense level from the table in § 4B1.1(b) is "greater than the offense level otherwise applicable," per Chapter 2, the offense level from § 4B1.1(b)'s table shall apply.  U.S.S.G. § 4B1.1(b).  The district court correctly refused to disregard Bostic's undisputed status as a career offender in ruling on his 18 U.S.C. § 3582(c)(2) motion per Amendment 750.  At his original sentencing, Bostic qualified as a career offender, but was sentenced pursuant to U.S.S.G. § 2D1.1 only because the drug quantity guidelines provided a higher base offense level (*i.e.*, 38) than the career offender enhanced level under U.S.S.G. § 4B1.1 (*i.e.*, 37).  However, if Amendment 750 had been in effect at the time of the original sentencing, Bostic would have been sentenced as a career offender, a designation which remains unchanged, because the enhanced offense level of 37 provided by § 4B1.1(b) would have been greater than the amended base offense level of 34 provided by § 2D1.1(c)(3).   In other words, leaving all other original sentencing determinations unchanged – thus leaving unchanged the decision to apply the higher of the two offense levels (career offender or crack cocaine) – the career offender level of 37 was properly applied by the district court.[2]

---

[2]       Contrary to Bostic's argument, *United States v. Moore*, 546 F.3d 1323 (11th Cir. 2008), provides no support for his position.  Although *Moore* involved a retroactive guideline which lowered the base offense levels applicable to crack cocaine, the retroactive guideline there did not

**AFFIRMED.**

---

trigger § 3582 because the original sentence had been based on the career offender guidelines and the retroactive amendment did not lower the guideline range. The holding of that case says nothing about this case. This case involves a career offender who – although he was originally sentenced on the basis of the crack cocaine guideline because that guideline was originally higher than the career offender guideline – remains a career offender and whose career offender guideline level, after application of the retroactive guideline, is higher than the retroactively reduced crack cocaine guideline. Similarly, *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), and *United States v. McGee*, 553 F.3d 225 (2d. Cir 2009), are different from the instant case. In both cases, although the defendant was a career offender, the district court at the original sentencing had departed downward because the career offender offense level was deemed to overrepresent the defendant's criminal history and the ultimate sentence had been based on the crack cocaine guidelines. Although Bostic's original sentence was also based on the crack cocaine guidelines, that obtained only because it was higher than the career offender guideline. Thus, the instant case is easily distinguishable from *Munn* and *McGee*.

7