09-0042-cr
USA v. Moorning (McPherson)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand eleven.

PRESENT:
>ROBERT D. SACK,
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*.

_____

United States of America,

>*Appellee*,

>v.                                                                          09-0042-cr

Shonta McPherson, also known as Shont Boogie,

>*Defendant-Appellant*.[*]

_____

>RANDOLPH Z. VOLKELL, Merrick, New York, *for Defendant-Appellant Shonta McPherson*.

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

H. GORDON HALL, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), for David B. Fein, United States Attorney, District of Connecticut, New Haven, Connecticut *for Appellee United States of America*.

Appeal from an order of the United States District Court for the District of Connecticut (Hall, *J.*) denying Defendant-Appellant Shonta McPherson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the order of the district court be **VACATED** and the case **REMANDED** for further proceedings consistent with this Order.

We assume the parties' familiarity with the facts, procedural history, and the issues on appeal. The district court denied McPherson's section 3582(c)(2) motion without the benefit of our decision in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) (per curiam), and *United States v. Martinez*, 572 F.3d 82 (2d. Cir. 2009) (per curiam). In *McGee*, we held that "a defendant who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by Section 2D1.1 of the [United States Sentencing] Guidelines is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments." *Id.* at 230. Because the district court believed that McPherson's eligibility turned on the amendments' effect on his pre-departure Guidelines range rather than on the range that ultimately served as the basis for his sentence, we vacate its order and remand the case so that it may clarify whether McPherson's sentence was in fact premised on the crack cocaine guidelines. *See Martinez*, 572 F.3d at 84-85; *McGee*, 553 F.3d at 227. If it was, then the district court should determine whether and to what extent it will resentence the defendant. Of course, if McPherson's sentence when imposed was not based on the

2

crack cocaine guidelines, McPherson is ineligible for a sentence reduction. *See United States v. Williams*, 551 F.3d 182, 185-86 (2d Cir. 2009).

Accordingly, the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk