12- 441-cr
*United States v. McPherson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of December, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-                                                                     No. 12-441-cr

SHONTA MCPHERSON, AKA Shont Boogie,

*Defendant-Appellant*,

JULIUS MOORNING, AKA Red, EDWARD HINES, AKA Junior, RODNEY NELSON, AKA Cease, MICHELLE GROOM, DE PAUL CRUDUP, AKA Correctional Officer Pace, ROBERT THOMAS, AKA Brooklyn, KHALFANI AJAMU, AKA Lance Bowers, MARK BENTON, LISA CRAGGETT, JESSICA NICHOLAS, CRAIG MOYE, AKA Craig Mack, JAMEL NOBLES, AKA Dungeon, KYRON DERIEN, AKA K.Y., DENNIS SIMMS, AKA Diner, JOHN NELSON, AKA John Doe, GREGORY KEETON, AKA G-

1

Grip, HENRY SMITH, AKA June B, KEVIN CRAFT, AKA Kev, TYRELL EVANS, AKA Rell, HERBERT TISDALE, AKA H.G., BEN TISDALE, AKA Killer, PAUL GRANT, AKA Buddha, RASHAD HARLEY, AKA Hump, MILTON MENAFEE, AKA Milt, AKA Taiwan Stanley, CARLYLE HENRY, AKA C.J., GERALD DRIFFIN, AKA Jajuan Driffin, AKA Nut, TYRON LABARRON SLEDGE, AKA T.Y., TYWOINE GARY, AKA Pillsbury, TYRECE DAVIS, AKA Ty, TAVARE ATKINSON, AKA Cool V, RONALD DOUGLAS, AKA Puda, ALBERT SUMLER, AKA Wack, TYRELL DORSEY, AKA Relli-Rell, RANDY FRAZIER, AKA Black Cat, JERMAINE NELSON, AKA Half, LUIS LIND, AKA Pretty Lou, AMOS TERRY, AKA Fame, NIJAJUAN HOWARD, AKA Flight, KEEROME SUGGS, MICHAEL EDMUNDSON, AKA Family Mike, ELIAS RIVERS, AKA Crack Baby, LEE MITCHELL, AKA Harry-O, JAMES CALHOUN, AKA Barr, TYRONE STOKES, AKA T.Y., WILFREDO RODRIGUEZ, AKA Puerto Rico, ANTHONY LITTLE, MATTHEW MERCER, AKA Mat Mat, FRANK PINA, TIMOTHY EDMUNDS, AKA T.I.,

*Defendants.*[*]

---

H. GORDON HALL (Sandra S. Glover, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

SALLY WASSERMAN, New York, NY, *for Defendant-Appellant*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-Appellant Shonta McPherson ("McPherson") appeals the November 30, 2011 order of the District Court for the District of Connecticut (Hall, *J.*) denying his motion for a reduction in sentence under 18 U.S.C. § 3582(c). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

[*]The Clerk of the Court is directed to amend the official caption to conform to the above.

18 U.S.C. § 3582(c) permits a district court in some circumstances to modify a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." *Id.* § 3582(c)(2). McPherson moved for a reduction in his sentence under § 3582(c) because of changes made in 2007 to the sentencing guidelines for offenses involving crack cocaine. *See* U.S.S.G. § 2D1.1. The District Court denied McPherson's motion because his pre-departure guidelines range was not derived from the guidelines relating to crack cocaine, but rather from the career offender guidelines. *See* U.S.S.G. § 4B1.1. We vacated and remanded on the basis of our decision in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009) (per curiam), which recognized a limited circumstance in which resentencing was permitted where a guidelines revision affected the range that ultimately served as the basis for a defendant's sentence. *United States v. McPherson*, 435 F. App'x 17 (2d Cir. 2011). We noted, however, that "if McPherson's sentence when imposed was not based on the crack cocaine guidelines, McPherson is ineligible for a sentence reduction." *Id.* at 18.

The District Court on remand explained that it arrived at McPherson's sentence not by reference to the crack cocaine guidelines, but by adding time that McPherson still had to serve on a state sentence to the ten year statutory minimum for his federal offense. After considering the matter in a lengthy hearing, the judge emphatically stated that "There was no effect[, n]ot even a marginal effect of the old crack guidelines on Mr. McPherson's sentence. . . . Nothing about that sentence, the 120 plus the State sentence in any way was affected by the crack guidelines. The crack guidelines could have been 300 to 350 or 120 to 131, it wouldn't have mattered to the way I was approaching the sentence." There is thus "no evidence" that U.S.S.G. § 2D1.1, relating to the calculation of guidelines ranges for offenses involving crack cocaine, "played any role" in the

3

calculation of McPherson's sentence. *United States v. Williams*, 551 F.3d 182, 184 (2d Cir. 2009).

Accordingly, the district court did not err in denying McPherson relief pursuant to § 3582(c).

We have reviewed McPherson's remaining arguments and find them to be without merit.

For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk