NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2008
Decided July 18, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3279

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of |
| | Illinois. |
| *v.* | |
| | No. 02 CR 30086 |
| RONALD E. BLAKE, | |
| *Defendant-Appellant*. | G. Patrick Murphy, *Judge*. |

### O R D E R

This case is before us for a fourth time, again with sentencing issues at bar. Defendant-Appellant Ronald E. Blake asserts that the district court erred in several respects: (1) by failing to consider or determine the 2007 amended Guidelines range applicable to Blake's offense; (2) failing to correct the Pre-Sentencing Report (PSR) in light of the 2007 Guidelines amendments; (3) failing to consider or address Blake's arguments regarding the seriousness of the offense in light of the 2007 Guidelines amendments; and (4) failing to adequately consider

the Sentencing Commission's proposed amendment to the Sentencing Guidelines which reduced the 100:1 ratio of sentences for crack to powder cocaine offenses. We need only focus on Blake's fourth argument, because under *Kimbrough v. United States*, 552 U.S. ----, 128 S.Ct. 558 (2007), it appears Blake is entitled to yet another resentencing hearing. Because it appears that the district court believed it to be improper to consider the sentencing disparity between crack and powder cocaine offenses, we vacate Blake's sentence and remand for resentencing.

At Blake's second resentencing hearing on September 17, 2007,[1] defense counsel advised the district court judge of the Sentencing Commission's proposed amendment regarding crack cocaine sentencing disparities and the effect it would have on Blake's advisory Guidelines range. Defense counsel begged the district court to apply the proposed amendment to Blake's new sentence. The district court provided a rather convoluted answer:

> Now the Court could, and in many cases would, and in a certain respect here I do, consider the issue of disparity between crack cocaine and powder cocaine. I don't know what will ultimately be the result of this matter. No one here does. Anyone that would predict with certainty what the United States Congress is going to do is someone who does not closely follow current events.
>
> There is an election coming up, politicians long ago learned that being tough on crime is the one certain way to curry favor with the voting public. . . .

The district court judge concluded:

> I think taking into account everything, including the arguments that have been made and the arguments that are made again here today, that I was right then and I'm right now. There is no need to change it. . . . I remain convinced that the sentence of 210 months is the correct sentence in this case looking at all of the factors under 3553.

In sentencing Blake to 210 months' imprisonment, the district court "balanced out" Blake's career offender status (causing his offense level to go from 32 to 37) with his heroic act of saving

---

[1] This Court ordered the first resentencing for Blake in light of *United States v. Booker*, 543 U.S. 220 (2005), *United States v. Blake*, 415 F.3d 625 (7th Cir. 2005) (limited remand), 146 Fed. Appx. 851, 2005 WL 2711719 (7th Cir. 2005) (remand for resentencing); the second resentencing was because Blake was denied his right to allocution. *United States v. Blake*, 227 Fed. Appx. 506, 2007 WL 1875958 (7th Cir. 2007).

the life of a prison guard who was attacked by a fellow inmate.[2] While the district court adequately addressed the § 3553(a) factors, it is not clear whether he considered the sentencing disparity's effect on the evaluation of those factors. At the time of Blake's sentencing, the law in this circuit was that a sentencing judge could not stray from the 100:1 ratio when calculating the correct Guidelines range. *See United States v. Taylor*, 520 F.3d 746, 747-49 (7th Cir. 2008); *United States v. Jointer*, 457 F.3d 682, 686-88 (7th Cir. 2006). A judge could, however, consider criticism of the 100:1 ratio when determining the appropriate *actual* sentence in light of the factors set forth in 18 U.S.C. § 3553(a), but only insofar as that criticism was immediately relevant to the circumstances of an individual defendant. *See Jointer*, 457 F.3d at 686-88. But in December 2007, the Supreme Court announced that, even in routine cases, a judge "may consider the disparity between the Guidelines's treatment of crack and powder cocaine offenses" when determining whether a within-Guidelines sentence is greater than necessary to achieve the goals of sentencing. *Kimbrough*, 128 S.Ct. at 564, 575. And we have since characterized the 100:1 ratio as "not a statutory dictate, but merely a judgment, entitled to respect but not to uncritical acceptance, made by the Sentencing Commission as an input into fixing guideline ranges for crack offenders." *Taylor*, 520 F.3d at 747 (quoting *Kimbrough*, 128 S.Ct. at 574).

We do not doubt that the district court judge considered all the factors under § 3553(a); in fact, he couched the reduction from 360 months to 210 months on those considerations. While the district court judge believed he could consider the disparity in certain cases, *Kimbrough* makes clear that he was permitted to consider it to the fullest extent in *any* case, including Blake's. Furthermore, the sentencing disparity between crack and powder cocaine offenses is particularly relevant here, where Blake tried to sell a government informant twenty-five grams of powder cocaine, but the informant insisted that Blake cook it into crack for her. We cannot be certain from the record whether the district court judge would have imposed a lesser sentence had it known that it was free to disagree with the 100:1 ratio, thus a remand is appropriate. Accordingly, we find that Blake is entitled to another resentencing hearing in

---

[2] The parties agree that Blake's criminal history category is IV. Thus, taking Blake's career offender status into account (using 37 as the offense level), Blake's advisory Guidelines range was 292-365 months. Using 32 as Blake's offense level, his advisory Guidelines range was 168-210 months. This is calculated using the 2002 Sentencing Guidelines, since these were the Guidelines applicable at the time of Blake's first sentencing on October 7, 2003. *See* 18 U.S.C. 3742(g); *United States v. Sriram*, 482 F.3d 956, 961 (7th Cir. 2007), *vacated, Sriram v. United States*, --- U.S. ----, 128 S.Ct. 1134, 1134 (2008), *reinstated, United States v. Sriram*, Nos. 05-2752 & 05-2802, --- Fed. Appx. ----, slip op. at 2, 2008 WL 1815705 (7th Cir. Apr. 23, 2008). This essentially discards Blake's first and second arguments on appeal.

light of *Kimbrough*.  We VACATE Blake's sentence and REMAND the case to the district court for resentencing.