In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3866

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JAMES GUYTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 2:01-CR-53—**Rudy Lozano**, *Judge.*

ARGUED JUNE 9, 2010—DECIDED FEBRUARY 22, 2011

Before POSNER, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Appellant James Guyton was sentenced for a crack cocaine offense before the Supreme Court held that the Sentencing Guidelines were advisory in *United States v. Booker*, 543 U.S. 220 (2005). Guyton's guideline range was based on the career offender guideline, U.S.S.G. § 4B1.1, but the district court granted a downward departure under section 5K1.1 based on his assistance to the government. The court departed down-

ward to a sentence within the range for crack cocaine offenses that would have applied to Guyton absent the career offender designation.

In limited circumstances, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a sentence of imprisonment imposed under a previous version of the United States Sentencing Guidelines so as to give retroactive effect to guideline amendments that the Sentencing Commission has chosen to make retroactive. A reduction is permitted only if "the guideline range applicable to that defendant" has been retroactively lowered. U.S.S.G. § 1B1.10(a). After the Sentencing Commission retroactively reduced the guideline ranges for crack cocaine offenses, Guyton moved for a sentence reduction under section 3582(c)(2). The district court denied his motion, and Guyton has appealed. We affirm.

We held in *United States v. Forman*, 553 F.3d 585, 589-90 (7th Cir. 2009), that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2). The crack cocaine amendment simply did not lower the defendant's applicable guideline range. Here we face a variation on the *Forman* issue: whether a defendant sentenced under the career offender guideline, but with a downward departure for substantial assistance, is eligible for a reduction. We hold that, for purposes of section 3582(c)(2), the relevant sentencing range is the one calculated before the defendant received the benefit of a downward departure under Chapter 5 of the Guidelines. The Sentencing Commission has not retroactively reduced the

career offender guideline that determined the guideline range applicable to defendant Guyton. The reasoning of *Forman* applies, therefore, and the district court was required to deny Guyton's motion.

I. *The Facts and Procedural Background*

Guyton was sentenced in 2001 for possessing crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Two prior felony convictions meant that he qualified as a career offender under U.S.S.G. § 4B1.1. At that time, the Guidelines were considered binding, and Guyton's career offender status produced a guideline imprisonment range of 188 to 235 months in prison. Based on his substantial assistance to the government in prosecuting another person, the government moved for a downward departure under U.S.S.G. § 5K1.1 and requested a lesser sentence of 130 months. The district court granted the motion and sentenced Guyton as recommended, remarking that the government was in the best position to determine the value of his assistance and the extent of the downward departure he had earned.

In 2007, the Sentencing Commission adopted Amendment 706, which reduced the base offense levels for crack cocaine offenses. Then, with Amendment 713, the Commission made the change retroactive. See U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. App. C, Amdts. 706 and 713 (2008). Invoking Amendment 706, Guyton moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court denied the motion, observing that the

amendment could not benefit Guyton because his original sentence was based not on the crack guideline but on his career offender status and the substantial assistance departure. Amendment 706 left the career offender guideline unchanged.

II. *Analysis*

We held in *United States v. Forman* that a crack cocaine offender sentenced under the career offender guideline was not eligible for reduced sentence under section 3582(c)(2). 553 F.3d at 589-90. To avoid the holding of *Forman*, Guyton contends that his actual sentence was "based on" the crack cocaine guideline, § 2D1.1(c), instead of or in addition to the career offender guideline, § 4B1.1. He stresses that his ultimate prison term of 130 months fell within the range that would have applied absent his career offender status. He suggests that the crack guideline explains the extent of the departure he received and that his sentence was, at least in that colloquial sense of the statutory phrase, "based on" a sentencing range that was later lowered by the Sentencing Commission.

We affirm the district court's judgment. As a matter of law, a sentence reduction under section 3582(c)(2) is unavailable to Guyton because his relevant guideline range was established by the career offender guideline before he received the benefit of the departure. Because Guyton's applicable guideline range was not changed by the retroactive guideline Amendment 706, reducing his sentence would have been contrary to the policy of

the Sentencing Commission, which is the relevant inquiry under the statute.

A. *The Statutory Framework*

As a general rule, with just a few exceptions, a district court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010); *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). In section 3582(c)(2), Congress created one narrow exception. A district court may modify a sentence if two conditions are met: first, the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and second, a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *Dillon*, 130 S. Ct. at 2687; *United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir. 2010); *United States v. Tolliver*, 570 F.3d 1062, 1065 (8th Cir. 2009); *United States v. Forman*, 553 F.3d at 588.

This statutory scheme delegates a great deal of power and discretion to the Sentencing Commission. The Commission, not a federal court, decides when an amendment is retroactive and issues policy statements that can make a sentencing reduction unavailable. The Supreme Court has confirmed that in section 3582(c)(2) proceedings, unlike original sentencing proceedings now governed by *Booker*, the Commission's policy statements still bind the federal courts. *Dillon*, 130 S. Ct. at 2687-88.

The Commission lists by number in U.S.S.G. § 1B1.10(c) the binding policy statements making amendments retroactive. Subsection (a)(2)(B) of the same section prohibits a sentence reduction if the amendment at issue "does not have the effect of lowering the defendant's *applicable guideline range*." (Emphasis added.)

B.   *The "Applicable Guideline Range"*

Under the Guidelines, a defendant has only one "applicable guideline range," and it is a range that the district court calculates before granting any departures under Chapter 5 of the Guidelines. (We do not address here whether the applicable guideline range is established before any departures for over-representation of a defendant's criminal history under section 4A1.3. That issue has sharply divided the circuits and is not before us in this case.) For Guyton, who received a substantial assistance departure under section 5K1.1, the applicable range was furnished by the career offender guideline.

Our analysis starts with the language of section 1B1.10(a)(2)(B). The reference there to "the defendant's applicable guideline range" is singular, implying that a defendant has only one applicable guideline range. That conclusion is consistent with the overall structure of the Guidelines, which require ultimately a determination of one guideline range that applies to the defendant. That observation, however, does not show just when the applicable guideline range is established. We turn to the context in which the phrase appears.

First, section 1B1.10 takes for granted that a defendant who received a "downward departure" in the pre-*Booker* era received a specific term of imprisonment below his applicable range. Specifically, section 1B1.10(b)(2)(B) states that if a district court considers a motion under section 3582(c)(2) pursuant to a retroactively-amended guideline range, the court may sentence below the amended range only if "the original *term of imprisonment imposed* was less than the term of imprisonment provided by *the guideline range applicable to the defendant* at the time of sentencing." (Emphasis added.) This provision assumes that "the applicable guideline range" is the range established before a district court decides to depart or vary downward. *E.g., United States v. Pembrook*, 609 F.3d 381, 384-85 (6th Cir. 2010). Contra, *United States v. Flemming*, 617 F.3d 252, 266 n.20 (3d Cir. 2010); *United States v. McGee*, 553 F.3d 225, 228 (2d Cir. 2009). The provision in subsection (b)(2)(B) makes little sense if the departure itself is treated as providing the applicable "range."

Second, and more important, the structure of the Guidelines makes clear that the applicable guideline range is the one calculated before any departure under section 5K1.1. The Guidelines permit a genuine departure under section 5K1.1 and other provisions found in Chapter 5 only after the court has already determined "the applicable guideline range."[1] Section 1B1.1 lays out the

---

[1] We refer to a "genuine" departure because, after *Booker*, a sentencing court can impose a sentence outside the applicable

(continued...)

order in which courts apply the guideline provisions. In the first several steps, the district court calculates the defendant's total offense level and criminal history category and determines the corresponding guideline range. U.S.S.G. § 1B1.1(a)(1)-(a)(8).[2] After the court determines the range, it "shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the

_____

[1] (...continued)
guideline range for reasons independent of the Guidelines themselves.

[2] Effective November 1, 2010, the Sentencing Commission amended and reorganized section 1B1.1 to emphasize the three basic steps in sentencing after *Booker*: first, under subsection (a), calculate the applicable guideline range; second, under subsection (b), consider departures under the Guidelines themselves; third, under subsection (c), consider the other applicable factors under 18 U.S.C. § 3553(a). We cite in this opinion the new amended organization of section 1B1.1. The amended version of section 1B1.1 was in large part a response to a line of our cases, beginning with *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005), saying that *Booker* rendered the Guidelines' concept of departure "obsolete." See Amendment 741 to the Sentencing Guidelines (resolving circuit split regarding application methodology for district courts). In a strictly legal sense, the "obsolete" description was accurate as applied to appellate review of a sentence, but the "obsolete" line of cases should not discourage district courts from taking genuine guidance from all the Guidelines, including their departure provisions, as required under the amended section 1B1.1.

guidelines that might warrant consideration in imposing sentence." § 1B1.1(b). The court then moves beyond the Guidelines and considers other factors under 18 U.S.C. § 3553(a). See § 1B1.1(c).

Within this structure, a section 5K1.1 departure necessarily comes after the establishment of a specific guideline range applicable to the defendant. *Flemming*, 617 F.3d at 262-64; *Pembrook*, 609 F.3d at 385; *Darton*, 595 F.3d at 1197; see also *Tolliver*, 570 F.3d at 1065-66. Thus, a career offender whose imprisonment term falls below his career offender range only by virtue of a departure under Part 5H or Part 5K cannot receive a reduction under section 3582(c)(2) unless the Sentencing Commission retroactively amends the career offender guideline.

This conclusion is consistent with decisions of the Sixth, Eighth, and Tenth Circuits, which hold that the only applicable guideline range is the one established before any departures. See *United States v. Hameed*, 614 F.3d 259 (6th Cir. 2010); *Pembrook*, 609 F.3d 381; *Darton*, 595 F.3d 1191; *United States v. Blackmon*, 584 F.3d 1115 (8th Cir. 2009); *United States v. Collier*, 581 F.3d 755 (8th Cir. 2009); *Tolliver*, 570 F.3d 1062. Our decision does not conflict with the Third Circuit's decision in *Flemming*, which held that the applicable guideline range is established before any departure under section 5K1.1 for substantial assistance, but after any departure under section 4A1.3 for over-representation of the defendant's criminal history. *Flemming*, 617 F.3d at 262-64. The Eleventh Circuit, too, has suggested in dicta that it might adopt different approaches for departures made under

Chapters 4 and 5. See *United States v. Moore*, 541 F.3d 1323, 1329-30 (11th Cir. 2008).

Our decision is in tension with those of the First, Second, and Fourth Circuits. See *United States v. Cardosa*, 606 F.3d 16 (1st Cir. 2010); *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010); *McGee*, 553 F.3d 225 (2d Cir. 2009). Although the defendant in each of these cases had received a departure under section 4A1.3 instead of or in addition to a departure under section 5K1.1, some of the language in these decisions might not be limited to departures under section 4A1.3. To the extent that *Cardosa*, *Munn*, and *McGee* may be read to permit a sentence reduction in circumstances like Guyton's, we respectfully disagree with them.

For now, though, we grapple no further with the decisions authorizing sentence reductions for defendants who received a departure under section 4A1.3 to a term within the crack-cocaine range that would have applied in the absence of career-offender status. First, neither *Cardosa* nor *McGee* analyzes the application instructions in section 1B1.1, so we would not consider them persuasive on this issue. See *Cardosa*, 606 F.3d 16; *McGee*, 533 F.3d 225. Second, the nub of *Flemming* and *Munn*—that a "departure" under section 4A1.3 is actually a step in calculating the defendant's criminal history category and thus precedes the establishment of the applicable guideline range—has no bearing on our conclusion that the applicable guideline range is established before any departures under Chapter 5. See U.S.S.G. § 1B1.1 (a)(6) through (a)(8), (b), and (c); *Flemming*, 617 F.3d at 262-64

(explaining that departure under section 5K1.1 is made at old step (i) of the application instructions, which is now step (b), but departure under section 4A1.3 might be made at old step (f), which is now step (a)(6), before the guideline range is established at old step (h), which is now step (a)(8)); *Munn*, 595 F.3d at 192 ("Because of section 4A1.3's placement, however, the Commission most likely intended for the court to grant an Overrepresentation Departure *before* determining the applicable guideline range, as part of its calculation of the criminal history category.").

Finally, we decline to rely on a definition added to the Guidelines in 2003 in Amendment 651 that some readers might have thought would resolve this case. Since 2003, Application Note 1(E) to section 1B1.1 has defined a "departure" as the "imposition of a sentence outside the applicable guideline range." Where this definition holds, the applicable guideline range is always established before any departures can be made. The circuits are divided on the applicability of Amendment 651 to section 3582(c)(2) proceedings for defendants like Guyton who were sentenced before it was adopted. Compare *Pembrook*, 609 F.3d at 385-86, with *Flemming*, 617 F.3d at 266-68, and *Munn*, 595 F.3d at 193-94. Our structural analysis suffices to support our holding, and the parties have not addressed Amendment 651. We leave that issue for a case in which it would make a difference.

Guyton's applicable guideline range was established on the basis of his career-offender status before he received

a substantial assistance departure. Thus, Amendment 706, which left the career offender guideline unchanged, did not affect his applicable guideline range, and he did not qualify for a sentence reduction under section 3582(c)(2). The judgment of the district court is AFFIRMED.