**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 30, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3470

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | 94 CR 348 |
| FRANKIE ALICEA, | |
|     *Defendant-Appellant*. | Suzanne B. Conlon, |
| | *Judge*. |

**O R D E R**

Frankie Alicea appeals from an order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We affirm the decision.

Alicea set up a meeting with an undercover postal inspector, ostensibly to sell checks stolen from the mail. Instead he pulled a gun and robbed the inspector. Surveillance agents

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

arrested Alicea, who was convicted after a jury trial of assaulting a federal agent, 18 U.S.C. § 111, using a firearm during a crime of violence, *id.* § 924(c)(1), possessing a firearm as a convicted felon, *id.* § 922(g)(1), and possessing stolen mail, *id*. § 1708. He was sentenced in 1994 to a total of 322 months' imprisonment. That total includes 262 months on the § 922(g)(1) count as an armed career criminal, *see id*. § 924(e); U.S.S.G. § 4B1.4, and a mandatory consecutive term of 60 months for the § 924(c)(1) conviction. We upheld the convictions and prison sentences on direct appeal. *United States v. Alicea*, No. 94-3795 (7th Cir. Feb. 27, 1996).

In his motion under § 3582(c)(2), Alicea contended that he is eligible for a reduced sentence on the § 922(g)(1) count on the basis of Amendment 599 to the sentencing guidelines. That 2000 amendment, which is retroactive, *see* U.S.S.G. § 1B1.10(c), principally clarified that defendants convicted under § 924(c)(1) in addition to a statute punishing the underlying crime of violence or drug trafficking crime should not be given upward adjustments for possessing or using guns or explosives when calculating the offense level for the underlying offense. *Id.* app. C, amend. 599 (2000). The amendment also provides, however, that a defendant convicted under both § 924(c)(1) and § 922(g)(1) should not receive an increase for possessing or using a gun in connection with another felony offense, *see id.* § 2K2.1(b)(6), when calculating the offense level for the § 922(g)(1) crime. *Id.* app. C, amend. 599. Alicea asserted that he had received a 4-level increase under § 2K2.1(b)(6) (formerly numbered as subsection (b)(5)) for assaulting and robbing the postal inspector. The district court denied Alicea's motion, explaining that he was sentenced as an armed career criminal, *see id.* § 4B1.4, and that § 2K2.1(b)(6) had no effect on the guidelines imprisonment range. Moreover, the court stated, Alicea had not identified any other recent amendment that is relevant and retroactive.

On appeal Alicea essentially abandons his reliance on Amendment 599 and now contends that Amendment 674, adopted in 2004, warrants a reduction under § 3582(c)(2). Among its many changes, that amendment forecloses increases in offense level and criminal history category under subsections (b)(3)(A) and (c)(2) of § 4B1.4 if an armed career criminal also receives a mandatory consecutive sentence under § 924(c)(1). U.S.S.G. app. C, amend. 674 (2004). Amendment 674 would have lowered Alicea's offense level on the § 922(g)(1) count if it had been adopted before he was sentenced. But this amendment is not retroactive, and district courts have no authority to modify a sentence under § 3582(c)(2) unless the Sentencing Commission has made an amendment retroactive. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; *Dillon v. United States*, 130 S. Ct. 2687, 2691 (2010); *United States v. Guyton*, No. 09-3866, 2011 WL 590110, at *1 (7th Cir. Feb. 22, 2011); *Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993).

We have reviewed Alicea's remaining arguments, and none has merit.

AFFIRMED.