**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald E. BLAKE, Defendant–Appellant.**

No. 12–3176.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 25, 2013.

Decided Feb. 26, 2013.

Rehearing and Rehearing En Banc Denied March 29, 2013.

Stephen B. Clark, Attorney, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Gareth G. Morris, Attorney, Chicago, IL, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge and ANN CLAIRE WILLIAMS, Circuit Judge.

**ORDER**

Ronald Blake is serving a sentence for distribution of crack cocaine. He appeals the district court's denial of his motion for

a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive changes to the crack cocaine sentencing guidelines. We affirm.

This is Blake's fifth appeal related to his sentence for a 2003 conviction for distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In light of that conviction and prior convictions for a crime of violence and a controlled substance offense, the district court concluded that Blake was a career offender under U.S.S.G. § 4B1.1 and sentenced him to 360 months' imprisonment. We affirmed Blake's conviction in 2005 but ordered a limited remand with respect to Blake's sentence following *United States v. Booker*, 543 U.S. 220, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir.2005). *See United States v. Blake*, 415 F.3d 625 (7th Cir.2005). The district judge indicated that he would have imposed a different sentence had he known that the Sentencing Guidelines were advisory, so we vacated Blake's sentence and remanded for re-sentencing. *See United States v. Blake*, No. 03–3716, 146 Fed. Appx. 851 (7th Cir.2005)(unpublished).

At Blake's re-sentencing, after taking into account Blake's career offender status, as well as his intervention in an attack on a correctional officer by another inmate, the district court imposed a sentence of 210 months' imprisonment. Blake appealed, and we once again remanded the case for re-sentencing after concluding that Blake had not been given his right of allocution during his re-sentencing hearing. *See United States v. Blake*, No. 06–3390, 227 Fed.Appx. 506 (7th Cir.2007)(unpublished). On remand, the district court again imposed a sentence of 210 months' imprisonment. Blake raised several challenges to his sentence on appeal, and we remanded the case in light of *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), because we could not be certain from the record whether the district judge would have imposed a lesser sentence had he known that he was free to consider the sentencing disparity between crack and powder cocaine offenses. *See United States v. Blake*, No. 07–3279, 289 Fed.Appx. 118 (7th Cir.2008)(unpublished). The district judge re-sentenced Blake to a term of 168 months' imprisonment after adopting all of his findings from the previous sentencing hearings, including the determination that Blake qualified as a career offender, and considering the sentencing disparity between crack and powder cocaine. We affirmed this sentence on appeal. *See United States v. Blake*, No. 08–3814 (7th Cir. 2009).

Following passage of the Fair Sentencing Act of 2010 and the retroactive reduction in the crack cocaine sentencing guidelines in 2011, Blake filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion, concluding that it lacked jurisdiction to consider the request because Blake's sentencing guidelines range was based on his classification as a career offender under U.S.S.G. § 4B1.1, not the guidelines applicable to crack offenses under U.S.S.G. § 2D1.1. Blake's subsequent motion for reconsideration was also denied by the district court, and Blake timely appealed. We review *de novo* a district court's determination of whether a sentence is legally eligible for discretionary relief under § 3582(c)(2). *United States v. Dixon*, 687 F.3d 356, 358 (7th Cir.2012) (citations omitted).

We agree with the district court that Blake is not eligible for a sentence reduction under 18 § 3582(c)(2). Section 3582(c)(2) authorizes a sentencing reduction if a defendant's sentence was based on

a sentencing range subsequently lowered and made retroactive by the Sentencing Commission. *See Dillon v. United States,* —— U.S. ——, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting § 3582(c)(2)). A district court may reduce a sentence under § 3582(c)(2) only if two conditions are met: "(1) the original sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission [,]'namely § 1B1.10(a)." *United States v. Davis,* 682 F.3d 596, 609–10 (7th Cir.2012)(citing 18 U.S.C. § 3582(c)(2); *United States v. Guyton,* 636 F.3d 316, 318 (7th Cir.2011); U.S.S.G. § 1B1.10(a)(2), p.s. (Nov.2011)). "If the first condition is not met, a district court lacks subject-matter jurisdiction to consider the movant's request for a sentence reduction under § 3582(c)(2)." *Id.* at 610 (internal quotation marks and citations omitted).

Here, throughout Blake's numerous sentencings, appeals, and re-sentencings, Blake's classification as a career offender remained unchanged, and that classification determined his applicable sentencing guidelines range even though the district judge ultimately sentenced Blake below that guidelines range. *See Guyton,* 636 F.3d at 318–20 (holding that the applicable guidelines range for the purposes of § 3582(c) is the range before the district court makes any departures). Accordingly, Blake was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and he is not eligible for a reduction. *See Guyton,* 636 F.3d at 318; *United States v. Jackson,* 573 F.3d 398, 399–400 (7th Cir.2009); *United*

States *v. Forman,* 553 F.3d 585, 590 (7th Cir.2009).

**AFFIRMED.**