NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted January 25, 2013
Decided February 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3176

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Southern |
| | District of Illinois. |
| *v.* | |
| | No. 3:02-cr-30086-GPM-1 |
| RONALD E. BLAKE, | |
| *Defendant-Appellant.* | G. Patrick Murphy, |
| | *Judge.* |

**O R D E R**

Ronald Blake is serving a sentence for distribution of crack cocaine.  He appeals the district court's denial of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) based on retroactive changes to the crack cocaine sentencing guidelines.  We affirm.

This is Blake's fifth appeal related to his sentence for a 2003 conviction for distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  In light of that conviction and prior convictions for a crime of violence and a controlled substance offense, the district

court concluded that Blake was a career offender under U.S.S.G. § 4B1.1 and sentenced him to 360 months' imprisonment. We affirmed Blake's conviction in 2005 but ordered a limited remand with respect to Blake's sentence following *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). *See United States v. Blake*, 415 F.3d 625 (7th Cir. 2005). The district judge indicated that he would have imposed a different sentence had he known that the Sentencing Guidelines were advisory, so we vacated Blake's sentence and remanded for re-sentencing. *See United States v. Blake*, No. 03-3716, 146 Fed. Appx. 851 (7th Cir. 2005) (unpublished).

At Blake's re-sentencing, after taking into account Blake's career offender status, as well as his intervention in an attack on a correctional officer by another inmate, the district court imposed a sentence of 210 months' imprisonment. Blake appealed, and we once again remanded the case for re-sentencing after concluding that Blake had not been given his right of allocution during his re-sentencing hearing. *See United States v. Blake*, No. 06-3390, 227 Fed. Appx. 506 (7th Cir. 2007) (unpublished). On remand, the district court again imposed a sentence of 210 months' imprisonment. Blake raised several challenges to his sentence on appeal, and we remanded the case in light of *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), because we could not be certain from the record whether the district judge would have imposed a lesser sentence had he known that he was free to consider the sentencing disparity between crack and powder cocaine offenses. *See United States v. Blake*, No. 07-3279, 289 Fed. Appx. 118 (7th Cir. 2008) (unpublished). The district judge re-sentenced Blake to a term of 168 months' imprisonment after adopting all of his findings from the previous sentencing hearings, including the determination that Blake qualified as a career offender, and considering the sentencing disparity between crack and powder cocaine. We affirmed this sentence on appeal. *See United States v. Blake*, No. 08-3814 (7th Cir. June 23, 2009).

Following passage of the Fair Sentencing Act of 2010 and the retroactive reduction in the crack cocaine sentencing guidelines in 2011, Blake filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion, concluding that it lacked jurisdiction to consider the request because Blake's sentencing guidelines range was based on his classification as a career offender under U.S.S.G. § 4B1.1, not the guidelines applicable to crack offenses under U.S.S.G. § 2D1.1. Blake's subsequent motion for reconsideration was also denied by the district court, and Blake timely appealed. We review *de novo* a district court's determination of whether a sentence is legally eligible for discretionary relief under § 3582(c)(2). *United States v. Dixon*, 687 F.3d 356, 358 (7th Cir. 2012) (citations omitted).

We agree with the district court that Blake is not eligible for a sentence reduction under 18 § 3582(c)(2). Section 3582(c)(2) authorizes a sentencing reduction if a defendant's sentence was

based on a sentencing range subsequently lowered and made retroactive by the Sentencing Commission. *See Dillon v. United States*, —U.S.—, 130 S.Ct. 2683, 2687, 177 L.Ed.2d 271 (2010) (quoting § 3582(c)(2)). A district court may reduce a sentence under § 3582(c)(2) only if two conditions are met: "(1) the original sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission [,]' namely § 1B1.10(a)." *United States v. Davis*, 682 F.3d 596, 609-10 (7th Cir. 2012) (citing 18 U.S.C. § 3582(c)(2); *United States v. Guyton*, 636 F.3d 316, 318 (7th Cir. 2011); U.S.S.G. § 1B1.10(a)(2), p.s. (Nov. 2011)). "If the first condition is not met, a district court lacks subject-matter jurisdiction to consider the movant's request for a sentence reduction under § 3582(c)(2)." *Id.* at 610 (internal quotation marks and citations omitted).

Here, throughout Blake's numerous sentencings, appeals, and re-sentencings, Blake's classification as a career offender remained unchanged, and that classification determined his applicable sentencing guidelines range even though the district judge ultimately sentenced Blake below that guidelines range. *See Guyton*, 636 F.3d at 318-20 (holding that the applicable guidelines range for the purposes of § 3582(c) is the range before the district court makes any departures). Accordingly, Blake was not sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and he is not eligible for a reduction. *See Guyton*, 636 F.3d at 318; *United States v. Jackson*, 573 F.3d 398, 399-400) (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009).

**AFFIRMED**.