UNITED STATES of America,
Plaintiff–Appellee,

v.

Salvador NAVARRO, Defendant–
Appellant.

No. 12–2606.

United States Court of Appeals,
Seventh Circuit.

Submitted March 5, 2014.

Decided April 7, 2014.

Randy G. Massey, Attorney, Office of The United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Johanna M. Christiansen, Attorney, Jonathan E. Hawley, Federal Public Defender, Office of The Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Salvador Guadalupe Navarro, Pekin, IL, pro se.

Before FRANK H. EASTERBROOK, Circuit Judge, DANIEL A. MANION, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

## ORDER

Salvador Navarro pleaded guilty to conspiring to distribute cocaine and to possess cocaine with intent to distribute it. See 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to 262 months in prison. He has appealed, but his appointed counsel believes the appeal is frivolous and has moved to withdraw. See *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Navarro did not respond to counsel's motion, as authorized by Seventh Circuit Rule 51(b).

Counsel points out that Navarro pleaded guilty under an agreement that included an appeal waiver, but there is an exception to that waiver if the sentence is above the guideline range determined by the district court. The agreement also required the government to recommend a sentence within the calculated guideline range. The court imposed a sentence above the guideline range, and the prosecutor appears to have breached the plea agreement by rec-

ommending a sentence well above the guideline range. Accordingly, we do not think the appeal is frivolous. We deny the motion to withdraw and order briefing on the merits.

At sentencing, the prosecutor recommended a three-level upward adjustment to the offense level under U.S.S.G. § 3B1.1(b) on the ground that Navarro played an aggravated role in the conspiracy as a supervisor or manager. In the alternative, the prosecutor argued for an upward departure, as suggested by Application Note 2 to § 3B1.1 for one who exercises "management responsibility over the property, assets, or activities" of the conspiracy but does not supervise other people within the terms of § 3B1.1(b).

The district court concluded that the upward adjustment under § 3B1.1(b) itself did not apply, finding that Navarro had not managed or supervised anyone else, so the court calculated a guidelines range of 188 to 235 months. The district court agreed with the prosecutor's alternative recommendation, however, and found that Navarro "without a doubt" met the requirements for an upward departure under Application Note 2 because he "was intimately involved" in the conspiracy. The court determined the extent of the departure by proceeding as if the upward adjustment under § 3B1.1(b) actually did apply, noting that three additional levels would have boosted Navarro's guideline imprisonment range to 262 to 327 months. The judge then sentenced Navarro to the low end of that range.

Counsel reports that Navarro does not want his plea set aside and thus concludes that the appeal is foreclosed by the appeal waiver in the plea agreement. That conclusion overlooks the exception in the appeal waiver allowing Navarro to challenge the reasonableness of the sentence if it exceeds the guideline range calculated by the district court. Whether the exception applies turns on the difference between, on one hand, an aggravating factor that raises the guideline offense level and guideline range and, on the other hand, an aggravating factor that justifies departing from the calculated guideline range. This difference is built into the structure of the Sentencing Guidelines, as shown most clearly in the three steps for applying the guidelines under U.S.S.G. § 1B1.1. The first step is to calculate the guideline range in subsection (a). The second is to consider in subsection (b) whether any departures suggested in the Guidelines warrant consideration in deciding upon a sentence. The third is to consider the applicable sentencing factors in 18 U.S.C. § 3553(a), as noted in subsection (c).

The guideline provisions at the center of this dispute carefully maintain the distinction between an adjustment to a guideline range and a departure from it. If the district court had found that the defendant Navarro was a manager or supervisor within the meaning of § 3B1.1(b), the guideline range would have risen by three offense levels, the prosecutor's recommendation would have been for a sentence within that guideline range, and the sentence imposed would have been within that guideline range.

But the district court found that Navarro did not fit within that provision. The court chose instead to make a three-level departure as suggested by Application Note 2 to § 3B1.1. The guideline range is therefore the range without that departure: 188 to 235 months. (Although our court has said in some cases after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that departures are "obsolete," at least for purposes of appellate review, that is no longer strictly the case in a district court. Section

1B1.1 instructs sentencing courts to consider departures, and sentencing courts act properly when they consider such guidance from the Sentencing Commission. See *United States v. Guyton,* 636 F.3d 316, 319–20 n. 2 (7th Cir.2011) (explaining this history).)

In the district court, the difference between the calculated guideline range and the departure was not always observed by the prosecutor or Navarro's previous attorney. The plea agreement specified that the government would "not … seek a sentence outside the applicable Guideline range," yet the prosecutor appears to have done exactly that. He urged the district court to increase Navarro's sentence based on Application Note 2 if the judge found that Navarro was not a supervisor or manager under § 3B1.1(b). After the court held that § 3B1.1(b) did not actually apply, the prosecutor recommended 320 months in prison—a sentence 85 months higher than the top of the guideline range determined by the judge.

To be sure, nothing in the sentencing transcript seems to suggest that the prosecutor's mistake was intentional. He acknowledged that he was obliged to recommend a within-guideline sentence. He also appears to have failed to realize that a departure based on Application Note 2 necessarily led to a sentence above the calculated guideline range. Moreover, Navarro's counsel never objected, and the district judge may have contributed to the confusion by referring once to the range that would have resulted from applying a three-level increase under § 3B1.1 as the "final guidelines sentence." Even at the end of the hearing, when explaining Navarro's right to appeal, the judge appeared unsure of the consequences of a departure based on Application Note 2. At first he said there might be no right to appeal since Navarro was sentenced "within the guidelines range" but then, apparently catching himself, hedged that statement: "Frankly, I don't know since I had the upward departure. You may be able to appeal. I don't know." The district judge clarified the ambiguity in his written statement of reasons for the sentence. That document stated clearly that the guideline range was 188 to 235 months and that the final sentence was an upward departure from that range.

This analysis means that Navarro's waiver of appellate rights does not bar a challenge to his sentence. It also indicates that, however unintentionally, the prosecutor almost certainly breached the plea agreement. That is a potential ground for appeal. See *Puckett v. United States,* 556 U.S. 129, 136, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *Santobello v. New York,* 404 U.S. 257, 262–63, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

We noted this issue at oral argument in a related appeal (No. 12–2685) that has been consolidated with this one, and the government later filed a written response to our concerns. Citing the prosecutor's statements at sentencing about the guideline range and the recommended sentence, the government denies any breach of the plea agreement: "the District Court found the guideline range to be 262–327 months, and the United States recommended a within guideline sentence of 320 months." That assertion simply misstates the guideline range. Most of the judge's oral statements at sentencing and his written statement of reasons confirm that he calculated a guideline range of 188 to 235 months and then exercised his discretion to go above that range through a departure. The departure had no effect on the guideline range. That remains true even though the judge measured the extent of the departure by comparison to a three-level in-

crease for purposes of exercising his sentencing discretion.

Navarro's failure to object means that an argument that the prosecutor breached the plea agreement would be reviewed for plain error. See *Puckett,* 556 U.S. at 143, 129 S.Ct. 1423; *United States v. Anderson,* 604 F.3d 997, 1002–03 (7th Cir.2010). One hurdle facing Navarro would be showing a reasonable likelihood that the breach affected his sentence. See *United States v. Marcus,* 560 U.S. 258, 262, 130 S.Ct. 2159, 176 L.Ed.2d 1012 (2010). But it would not be frivolous to contend that the prosecutor's argument for an above-guidelines sentence—in breach of the plea agreement—likely influenced the judge's sentence.

We express no conclusion on the merits of such an appeal. We decide only that this appeal is not frivolous and that Navarro is entitled to the benefit of briefing by counsel. See *United States v. Eskridge,* 445 F.3d 930, 931–32 (7th Cir.2006).

The *Anders* motion to withdraw is DENIED. Briefing will proceed as follows:

1. The appellant's brief and required short appendix are due by May 7, 2013.

2. The appellee's brief is due by June 6, 2014.

3. The appellant's reply brief, if any, is due by June 20, 2014.