NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0410n.06

Case No. 15-6205

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jul 21, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| LEANDRE WATKINS, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS, CLAY, and SUTTON, Circuit Judges.

BOGGS, Circuit Judge. When Leandre Watkins was sentenced on convictions for possession with intent to distribute cocaine base and being a felon in possession of a firearm, the district court granted a downward departure on the view that his criminal-history category overrepresented the seriousness of his past offenses. A year later, Amendment 782 to the federal sentencing guidelines reduced the base offense level for Watkins's drug crime. The district court found that it was nonetheless prohibited from reducing Watkins's term of imprisonment because the original sentence was at the low end of the amended guideline range. Thus, it did not consider the effect of its original downward departure in making its second calculation. That was a correct application of the guidelines, and we therefore affirm.

I

Before turning to the facts of Watkins's case, we briefly discuss the statute and sentencing guidelines that provide the framework for considering his argument that the district court should have considered him eligible for a sentence reduction.

Generally, a district court may not modify a sentence once it has been imposed. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). Congress has created statutory exceptions to that rule. The exception at issue in this appeal, 18 U.S.C. § 3582(c)(2), permits courts to reduce a defendant's term of imprisonment if doing so is consistent with applicable United States Sentencing Commission policy statements and the original sentence was "based on a sentencing range" that the Commission later lowered.

Relevant here, a policy statement at §1B1.10 of the Sentencing Guidelines states that a court may reduce a prison sentence if a subsequent amendment to the Guidelines Manual lowers the "guideline range applicable to that defendant." USSG §1B1.10(a)(1). Courts are directed to "determine the amended guideline range" that would have applied if the amendment was in effect when the defendant was sentenced. *Id.* at (b)(1). "[O]ther guideline applications decisions" made at the original sentencing are "unaffected" by this exercise. *Ibid.* If no amendment listed in §1B1.10(d) lowers the defendant's "applicable guideline range," then a sentence reduction is inconsistent with §1B1.10 and, therefore, not authorized by § 3582(c)(2). §1B1.10(a)(2)(B).

Circuits were initially split on the meaning of a defendant's "applicable guideline range" for purposes of §1B1.10. Several took the position that courts must account for any departures at the original sentencing *before* arriving at the "applicable guideline range." *See, e.g.*, *United States v. Flemming*, 617 F.3d 252, 268 (3d Cir. 2010); *United States v. Cardosa*, 606 F.3d 16, 21

(1st Cir. 2010); *United States v. McGee*, 553 F.3d 225, 228–30 (2d Cir. 2009) (per curiam). Under this theory, a sentencing court that departed to a lower criminal-history category because the original category overrepresented the seriousness of the defendant's criminal history, *see* USSG §4A1.3(b)(1), was merely determining the defendant's *correct* criminal-history category—a necessary precursor to establishing the applicable guideline range. *See, e.g.*, *United States v. Munn*, 595 F.3d 183, 192 (4th Cir. 2010) (citing USSG §1B1.1 (2009)).

We took the opposing view: A departure necessarily comes after the defendant's "applicable guideline range" is established. Analyzing the language of §1B1.10, §1B1.1, and its application note, we held that the applicable guideline range is the range that applies before the court grants any discretionary departures. *United States v. Pembrook*, 609 F.3d 381, 384–87 (6th Cir. 2010). Other circuits shared this position. *See, e.g.*, *United States v. Guyton*, 636 F.3d 316, 320 (7th Cir. 2011); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010); *United States v. Collier*, 581 F.3d 755, 758–59 (8th Cir. 2009).

In 2011, the Sentencing Commission addressed the split by issuing Amendment 759. The amendment added language to §1B1.10's application note, which clarified that "applicable guideline range" is "determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG App. C, vol. III, at 416 (2011) (amending §1B1.10, comment (n.1(A)). As the Commission explained, Amendment 759 "adopt[ed] the approach of the Sixth, Eighth, and Tenth Circuits" in defining "applicable guideline range." *Id.* at 421.

II

On April 2, 2012, federal and local law enforcement executed a search warrant of a residence in Hopkinsville, Kentucky, where Watkins resided. They found 14.422 grams of crack cocaine and a .380-caliber pistol. Two days later, Watkins was arrested. He eventually pleaded

3

guilty to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). A federal probation officer prepared a presentence report that calculated a guideline imprisonment range of 57 to 71 months based on a total offense level of 19 and criminal-history category V. The report scored Watkins's criminal history at 10 points. Had Watkins received one point less, his criminal-history category would have been IV and his guideline imprisonment range would have been 46 to 57 months. *See* USSG Ch.5, Pt.A (2013).

Watkins objected to the report. He took issue with a criminal-history point that had been assessed based on a sentence of 4 months of imprisonment, which was imposed for failure to pay fines stemming from a 1999 misdemeanor DUI when he was 18. Although he conceded that the point "[wa]s properly calculated," Watkins asked the court to "deduct[]" it or to "consider his criminal history over-represented." The district court was swayed. At a sentencing hearing on February 11, 2014, the court explained that it would decrease Watkins's criminal-history category "down to a IV on a departure based on overrepresentation of the criminal history."[1] *See id.* §4A1.3(b)(1). It sentenced Watkins to 46 months of imprisonment—at the bottom of the guideline range for a defendant with offense level 19 and criminal-history category IV.

In November 2014, the Sentencing Commission enacted Amendment 782 to the Guidelines, which reduced the base offense levels for some drug quantities under USSG §2D1.1(c). See USSG App. C, suppl., at 64–74 (2014). For defendants like Watkins, who was sentenced under §2D1.1 with a drug quantity of at least 11.2 grams but less than 16.8 grams of cocaine base, the base offense level dropped from 20 to 18. *Compare* §2D1.1(c)(10) (2013),

---

[1] Elsewhere during the hearing, the district court referred to its departure as a "variance." For purposes of this appeal, the distinction is irrelevant. For clarity's sake, we note that the court's application of a guideline provision to impose a sentence outside the advisory range was a departure, not a variance. *See United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009) (per curiam).

*with* §2D1.1(c)(11) (2014). Had Watkins been sentenced after Amendment 782 took effect, his total offense level would have been 17.

In October 2015, the district court considered whether it could reduce Watkins's sentence under 18 U.S.C. § 3582(c)(2). It calculated an amended guideline imprisonment range of 46 to 57 months based on offense level 17 and criminal-history category V, the latter over Watkins's objection. Finding that the original sentence of imprisonment was at the bottom of the amended range, the court concluded that it lacked discretion under § 3582(c)(2) to modify the sentence.

## III

On appeal, Watkins argues that the district court's downward departure at his 2014 sentencing hearing should be reflected in his applicable guideline range under §1B1.10. That position runs directly contrary to Sixth Circuit precedent and the 2011 amendment to the Sentencing Guidelines. In *United States v. Pembrook*, a defendant who qualified as a career offender sought the §4A1.3 overrepresentation downward departure and the district court obliged. 609 F.3d at 383. Nearly ten years later, the Sentencing Commission adopted an amendment to the guidelines that reduced his base offense level. *Ibid.* We held that "applicable guideline range" under §1B1.10 refers to a defendant's guideline range before any departure. *Id.* at 384. A "downward departure" under §4A1.3 is defined as a departure that results in "a sentence less than a sentence that could be imposed under the *applicable guideline range*." §1B1.1, comment (n.1(E)) (emphasis added); *see* §4A1.3, comment (n.1). That definition, the court observed, "indicates that a § 4A1.3 departure is a departure *from* the applicable guideline range, not a departure *to* the applicable guideline range." 609 F.3d at 386. We therefore held that the *Pembrook* defendant's applicable guideline range was his range before taking into account the district court's §4A1.3 departure. *Id.* at 387.

The Sentencing Commission's later clarification of "applicable guideline range" only reinforces our holding in *Pembrook*. Amendment 759, published soon after *Pembrook* was decided, explicitly adopted our approach. It "amend[ed] Application Note 1 to clarify that the applicable guideline range referred to in §1B1.10 . . . is determined before consideration of any departure provision in the *Guidelines Manual* or any variance." USSG App. C, vol. III, at 421 (Reason for Amendment). Any possible doubt as to whether the Commission embraced *Pembrook*'s interpretation is resolved by its reference to that decision. The Commission's statement of reasons for the amendment cites *United States v. Guyton* for a list of the circuits whose stance—that the "applicable guideline range" is set before any departure—it was adopting. *Ibid.* *Guyton* thoroughly outlines the then-current circuit split and cites *Pembrook* for the Sixth Circuit position. 636 F.3d at 320.

Other circuits have considered this same issue in the wake of Amendment 759. All, including those that had previously been on the other side of the split, have held that for purposes of §1B1.10, courts must determine a defendant's applicable guideline range without regard to any potential departure. *See United States v. Ornelas*, No. 15-10522, 2016 WL 3126272, at *3 (9th Cir. June 3, 2016) (collecting cases).

None of Watkins's arguments to the contrary convince us that *Pembrook* does not resolve his appeal. As Watkins notes, the *Pembrook* defendant's guideline range was based on the career-offender guideline and Watkins's is based on the drug-quantity guideline. However, that distinction makes no difference here because the focus of the inquiry is on whether the amendment "*lower*[s] the defendant's applicable guideline range," §1B1.10(a)(2)(B) (emphasis added), not which guideline informed the applicable guideline range to begin with. Regardless of a sentencing range's basis, the court must calculate it "before consideration of any departure

6

provision" in the guidelines. §1B1.10, comment. (n.1(A)). In *Pembrook*, as in this case, before the district court granted a §4A1.3(b) departure, the applicable guideline range had already been established. Because Watkins's original 46-month sentence was at the low end of the applicable guideline range—and 46 months is also at the low end of the amended guideline range—no further reduction is available to him.

Watkins also points to language in §1B1.10(b)(1) and its application note reminding courts applying § 3582(c)(2) that "all other guideline application decisions" are "unaffected" by a determination of the amended guideline range. He takes this to mean that an amended guideline range must take into account downward departures. Not only does that interpretation directly contradict the Sentencing Commission's direction on how to determine the applicable guideline range, *see* §1B1.10, comment. (n.1(A)), but it has no grounding in the text whose meaning it purports to explain. As is clear from language and context, that phrase does none of the heavy lifting that Watkins wants. Section 1B1.10(b)(1) gives step-by-step instructions for how to determine a defendant's amended guideline range. The "unaffected" clause simply reminds courts that § 3582(c)(2) does not also grant license to reexamine other components of past sentencing decisions.

Nor can Watkins find support in §1B1.1(a)'s direction to "[d]etermine the defendant's criminal history category as specified in Part A of Chapter Four" before "[d]etermin[ing] the guideline range." *See* §1B1.1(a)(6)–(7). Because Part A of Chapter Four includes the §4A1.3 departure, Watkins argues, it is part and parcel of the criminal-history-category determination, which precedes the court's calculation of the guideline range. That position would have more force if the instruction was to consider *every* subsection of Part A of Chapter Four. After all, two of §4A1's subsections tell courts how to compute a defendant's criminal-history category. *See*

USSG §§4A1.1, 4A1.2. The other, §4A1.3, does not; it contains the standard for criminal-history-category departures. As the Sentencing Commission has explained, courts should consider departure provisions only after determining the guideline range. Section 1B1.1(a)'s instruction to look to Part A of Chapter Four to establish the criminal-history category is not also an invitation to consider Part A provisions that bear no relation to that task. The *Pembrook* court rejected this very argument. 609 F.3d at 385–86.

We are sympathetic to Watkins's frustration with the limits of § 3582(c)(2). As the Second Circuit stated in rejecting an argument similar to his, under the guidelines, "[a] criminal history category that exaggerates a defendant's past crimes during an initial sentencing will continue to do so at a reduction proceeding." *United States v. Montanez*, 717 F.3d 287, 294 (2d Cir. 2013). And broadly restricting relief to those who did not receive below-guideline terms of imprisonment to begin with can limit the number of defendants for whom § 3582(c)(2) hastens release. Nonetheless, the statute's limits are clear. District courts must calculate the applicable guideline range for purposes of §1B1.10 before considering a departure.

We therefore AFFIRM the district court's order.